Submitted on briefs September 9, affirmed September 30, 1924.

ANNA S. SHAVELAND v. J. E. SHAVELAND.

(228 Pac. 1090.)

**Judgment—Existence or Nonexistence of Facts not Ground for Collateral Attack.**

1. Judgment of a court having jurisdiction cannot be collaterally attacked on account of existence or nonexistence of facts authorizing it.

**Divorce—Decree in Divorce Suit Determining Issue of Ownership Held Bar to Subsequent Suit Between Same Parties Involving Same Issue.**

2. Decree in divorce suit, awarding wife one half of certain property, from which no appeal was taken, under Sections 548, 756, Or. L., bars wife's subsequent suit against husband, asserting sole ownership of such property and collaterally attacking such decree, though erroneous.

From Marion: PERCY R. KELLY, Judge.

In Banc.

The plaintiff instituted this suit in the Circuit Court for the purpose of establishing a resulting trust.

There is little dispute about the facts in the case. The plaintiff and defendant were husband and wife. In a former suit the husband attempted to procure a divorce from Anna S. Shaveland, plaintiff herein, and sought in the same suit to have certain real property decreed to be his individual property. She defended and filed a cross-bill, seeking a divorce, in which she contended that that land belonged to her, and prayed for a decree to that effect. The wife was awarded the divorce and decreed to be the owner of an undivided one half of the real property and an undivided one third of the remainder. No appeal was taken by either party. Thereafter, Shaveland instituted a partition suit. Subsequent thereto, his former wife filed this suit in equity, seeking to be declared the owner of the entire tract of land, not-

withstanding the former decree of the court. In answer to plaintiff's complaint in this suit, the defendant, after denying certain allegations of plaintiff's petition, filed a further and separate answer, in which he averred, in part:

"That on or about the —— day of June, 1923, the defendant instituted against this plaintiff a suit for divorce in the circuit court of the state of Oregon for Marion county, Department No. 2.

"Among other things this defendant alleged in his complaint that he had a thousand-dollar equity in the following described premises, to wit (here follows description of real property in controversy), and that said premises were purchased by this defendant, plaintiff in the former action, in June, 1921, and that the deed was made out to defendant and plaintiff, husband and wife; that the purchase price of said premises was $2,000, $1,000 paid down, etc., and that this defendant in said suit for divorce, among other things, prayed for an order that this defendant be declared to be the owner of the premises heretofore described, barring the above-named plaintiff of any right, title, interest or equity or otherwise in and to said property.

"That thereafter, on or about the 15th day of June, 1923, the plaintiff above named filed an answer to the complaint, * * and * * among other things alleged that she was the owner of the above-described premises. A substantial copy of said answer is hereto attached, marked 'Exhibit A' and made a part of this answer.

"That the defendant, by her said answer, prayed for a decree of the circuit court of Marion county, state of Oregon, Department No. 2, asking that the heretofore described real property be decreed to be hers, and that this defendant be barred from any right, title, or interest in or to said lands or premises, and each and every part thereof."

He avers a trial upon the issues made by the pleadings, and then sets forth the decree rendered by the court reading as follows (omitting title and cause):

"The above-entitled cause coming on for trial, and the court having made and filed its findings of fact and conclusions of law, finding that the plaintiff was not entitled to the relief demanded in his complaint but that the defendant was entitled to the relief prayed for by her in her cross-complaint,

"It is therefore ordered, adjudged and decreed that the bonds of matrimony now existing between the plaintiff and defendant be, and the same are hereby, dissolved. * *

. "It is further ordered, adjudged and decreed that the plaintiff is the owner in fee simple of the undivided one-half, and undivided one-third of the remaining one-half, of the following described lands (here follows description), neither party to this suit to recover costs or disbursements from the other.

"GEO. G. BINGHAM, Judge."

Defendant further alleged:

"That said decree has not been set aside, modified or reversed, and that the same remains in full force and effect."

The defendant further pleads the commencement of a partition suit against the plaintiff, Anna S. Shaveland, and avers service and default judgment against her, wherein and whereby she was adjudged to be the owner of two thirds, and he the owner of one third, of the premises in controversy.

After a reply was filed and issues thus made, evidence was adduced and the court found—

"That the same issues were joined in that certain case heretofore filed in this court, being case number 16,485, wherein the plaintiff herein was defendant, and defendant herein was plaintiff, as are tendered in this suit with respect to the interest of plaintiff in the

real property described in plaintiff's complaint herein; and that such proceedings were had in said case number 16,485 that a final decree was duly made and rendered therein, determining said issues with respect to plaintiff's said interest in said real property."

The court made conclusions of law, and, from the findings of fact and such conclusions, decreed that "this cause be dismissed."

The plaintiff appeals to this court.

AFFIRMED.

For appellant there was a brief over the name of *Mr. W. C. Winslow.*

For respondent there was a brief over the name of *Mr. Robin D. Day.*

BROWN, J.—1. The defendant in this case pleads former adjudication as a bar to the further prosecution thereof. He avers that the same subject matter has already been litigated between the same parties in a competent court and a judgment rendered on the merits.

Where the court has jurisdiction, its judgment cannot be collaterally attacked on account of the existence or lack of existence of facts authorizing the rendition of the judgment: 19 C. J., p. 175. Jurisdiction is not determined from the measure of justice expressed in the decree. The Circuit Court's recitals in the record of a suit are conclusive in a collateral attack on the decree: 19 C. J., p. 175.

Again: "A judgment rendered by a court having complete jurisdiction must be regarded by the parties thereto as speaking the exact truth in respect to all matters which were involved in the issue in that proceeding, so long as the judgment remains in force.

However a judgment may have been obtained, unless it is void it cannot be ignored and the rights of the parties again inquired into in a collateral proceeding." *Nicholson* v. *Nicholson,* 113 Ind. 131 (15 N. E. 223).

A comparison of the complaint in this suit with plaintiff's cross-bill in the divorce suit clearly discloses that the facts upon which she relied for the purpose of affording her relief in establishing her title to the land involved herein are identical with the facts stated in her complaint upon which she bases her claim for relief in this suit. The parties are the same, the facts are identical, the real property involved in this is the land involved in that suit, and, in the former suit the matter was determined upon its merits. She claimed the whole of the lot. After hearing the testimony, the court adjudged her to be the owner of an undivided one half, and an undivided one third of the remaining one half, of the lands therein described.

Discussing the two main rules governing the subject of estoppel by judgment, Mr. Black, in his work on Judgments, at Section 504, Volume 2, says:

"The first of these chief rules is as follows: A point which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a domestic court of competent jurisdiction cannot be again drawn in question in any future action between the same parties or their privies, whether the causes of action in the two suits be identical or different. The second of the main rules on the subject may be thus stated: A judgment rendered by a court of competent jurisdiction, on the merits, is a bar to any future suit, between the same parties or their privies, upon the same cause of action, so long as it remains unreversed."

See, also, *Haney et al.* v. *Neace-Stark Co. et al.,* 109 Or. 93 (216 Pac. 757, 219 Pac. 190).

In *Runnells* v. *Leffel et al.,* 105 Or. 346 (207 Pac. 867), we quoted with approval the following from *Barrett* v. *Failing,* 8 Or. 152:

"The rule is that the judgment of a court of competent jurisdiction is not only conclusive on all questions actually and formally litigated, but as to all questions within the issue, whether formally litigated or not."

In the same case we further quoted from Mr. Justice HOLMES in *United States* v. *California Land Co.,* 192 U. S. 355 (48 L. Ed. 476, 24 Sup. Ct. Rep. 266), as follows:

" * * But the whole tendency of our decisions is to require a plaintiff to try his whole cause of action and his whole case at one time. He cannot even split up his claim; * * and *a fortiori* he cannot divide the grounds of recovery."

The decree awarding to plaintiff one half of the lot and one third of the remainder thereof is conclusive between the parties: Or. L., § 756.

If the plaintiff was dissatisfied with the decree of the lower court, she had a remedy.

"A judgment or decree may be reviewed as described in this chapter, and not otherwise." Or. L., § 548.

2. The Circuit Court of the State of Oregon for Marion County was a court of competent jurisdiction. It had jurisdiction of the parties. Likewise, it possessed jurisdiction of the subject matter of the suit. Therefore, it matters not how erroneous its decree might have been. Its adjudication is binding upon the parties, until reversed in a lawful proceeding: *Morrill* v. *Morrill,* 20 Or. 96 (25 Pac. 362, 23 Am. St.

Rep. 95, 11 L. R. A. 155). In the case just cited this court wrote:

"It is said to be an axiom of the law that, when a court has jurisdiction of the subject matter and the parties, its judgments cannot be impeached collaterally for errors of law or irregularity in practice."

That the attack made upon the judgment in the instant case is a collateral attack there is no question: See *Bobell* v. *Wagenaar*, 106 Or. 232 (210 Pac. 711).

This case is affirmed, without costs to either party in this court.                               AFFIRMED.