Motion to dismiss denied November 18, 1924, argued October 15, modified November 30, 1926.

## M. G. HOGE *v.* IDA M. HOGE.

(250 Pac. 839.)

**Divorce—Wife, Holder of Half Interest in Joint Property, Held, on Being Granted Divorce, Entitled to One Third of Husband's Interest (§ 511, Or. L.).**

Wife, holder of half interest in property acquired by joint earnings, on grant of divorce, was entitled, under Section 511, Or. L., to one-third interest of husband's half interest, in addition to her own interest, and decree, giving husband half interest, was erroneous.

---

Divorce, 19 C. J., p. 334, n. 47.

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 2.

M. G. Hoge brought suit for a divorce from Ida M. Hoge, upon the ground of cruel and inhuman treatment. He also prayed for an order of the court adjudging him to be the owner of a one-half interest in certain real and personal property described in his complaint. The defendant, by her answer, made general denial of all of plaintiff's material allegations relating to her alleged cruel and inhuman treatment of the plaintiff, and filed a counterclaim charging her husband with cruel and inhuman treatment toward her and asking for a decree of divorce from him. She further averred that she was the sole and exclusive owner of the real and personal property described in the complaint and answer. On the hearing, the court denied the plaintiff's prayer and granted the divorce to the defendant and cross-complainant. The court found, however, that each of the parties was the owner in fee simple of an undivided one half of the real property described in the complaint, and that, as joint owners of the personal property described in the pleadings, each was entitled to one half thereof. Ida M. Hoge, defendant and cross-complainant, alone appeals, assigning error of the court in awarding the plaintiff a one-half interest, or any interest, in the real and personal property.    MODIFIED.

For appellant there was a brief and oral argument by *Mr. B. F. Mulkey.*

For respondent there was a brief over the names of *Mr. M. G. Hoge* and *Mr. A. C. Woodcock* with an oral argument by *Mr. Hoge, in propria persona.*

BROWN, J.—The record shows that the plaintiff and defendant were married in May, 1901, at Shenandoah, Iowa; that, at the time of their marriage, the plaintiff was an attorney by profession but worked at various occupations, and that defendant was a practicing dentist, but that she thereafter engaged from time to time in teaching school; that about two years after their marriage they removed to Medford, Oregon, where they purchased two lots and by their joint efforts constructed a house thereon. This was sold and they returned to Iowa for a short time, thence removed to Boise, Idaho, and later to Lane County, Oregon, where they bought a farm and some town property.

A careful reading of the testimony would indicate that the property, both real and personal, represents the joint earnings of the plaintiff and defendant. Such was the view of the lower court, and its holding thereon is abundantly sustained by the evidence. However, the wife having been granted the divorce, she is entitled, not only to her own one-half interest in the lands, but, in addition thereto, a one-third interest in her husband's one-half which was decreed to him by the lower court, and there should be incorporated in the decree a provision granting to her such one-third interest. Section 511, Oregon Laws, provides:

"Whenever a marriage shall be declared void or dissolved, the party at whose prayer such decree shall be made shall in all cases be entitled to the undivided third part in his or her individual right in fee of the whole of the real estate owned by the other at the time of such decree."

For an application of this statutory provision, see *Wetmore* v. *Wetmore,* 5 Or. 469; *Rees* v. *Rees,* 7 Or.

47; *Houston* v. *Timmerman*, 17 Or. 499, 506 (21 Pac.
1037, 11 Am. St. Rep. 848, 4 L. R. A. 716); *Folken-
berg* v. *Folkenberg*, 58 Or. 267, 270 (114 Pac. 99);
*Silliman* v. *Silliman*, 66 Or. 402 (133 Pac. 769);
*Shaveland* v. *Shaveland*, 112 Or. 173 (228 Pac. 1090).

The decree appealed from should be modified so as
to accord with the statutory provision above noted.
It is so ordered.                         MODIFIED.

McBRIDE, C. J., and BEAN and BELT, JJ., concur.