Submitted on record and briefs June 23, affirmed July 9, 1970

BACON, *Respondent and Cross-Appellant, v.*
BACON ET UX, *Appellants*, No. 31–188 and
BACON, *Appellant, v.* BACON, *Respondent and
Cross-Appellant*, No. D–1541.
472 P2d 283

Allen L. Fallgren and Robert L. McKee, Portland, for appellant.

L. M. Giovanini, Portland, for respondent and cross-appellant.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

In the circuit court two cases involving the same parties were consolidated for trial by agreement. Both involved the right to the custody of one of the two children of the parties. One case was a habeas corpus proceeding brought by the mother, a California resident and domiciliary, to require the father to deliver to her the boy who had been temporarily placed by her with the father in Oregon. The other was brought by the father, an Oregon domiciliary, for change of custody of the same boy.

Both cases arise out of the following facts: Timothy Bacon and Caryll Lee Bacon were married in 1957. One child, the subject of these proceedings, was born as issue of the marriage. He is now 11. Another child, not here involved, was adopted by them. In 1965 while domiciled in California the parties separated. In July 1965 they entered into a property settlement agreement which provided for custody of both children in the plaintiff mother. In December 1965 the California Superior Court, Los Angeles County, granted an interlocutory decree of divorce to the wife with custody of and child support for both children, and approved the property settlement, which contained the written agreement of both parties to those provisions. On July 22, 1966, a final judgment of divorce

was entered of record in that court on the motion of the defendant father.

The children remained thereafter with the mother in California. Both parties remarried while living in California. In July 1969 the mother learned she must undergo surgery in California. She called the father, who had meanwhile become an Oregon domiciliary, and asked if he would like to have the children come for a visit for a period variously described as perhaps extending from nine months to a year. Both children then came to live with the father in Oregon. In September 1969 the mother, having had her surgery, came to Oregon to take both children back to California. However, after lengthy discussions with the father and the boy, she ended up taking only the second child back with her. Shortly thereafter the father filed the suit seeking change of custody of the boy only. The mother demurred to the complaint. It was overruled. She also filed a petition against the father seeking a writ of habeas corpus for the return of the boy.

The cases were consolidated and after hearing both matters on the merits the court declined to change the custody and ordered that the child remain with its mother. The father appeals. The mother has cross-appealed asserting as error the failure of the trial court to sustain her demurrer to the father's petition for change of custody.

■ The basic legal question presented is whether the Oregon court had jurisdiction to entertain the father's petition for change of custody. It was squarely presented by the mother's demurrer to the complaint specifically on that ground.

In *Lorenz v. Royer*, 194 Or 355, 241 P2d 142, 242

P2d. 200 (1952), the parties had been divorced in Indiana and custody of the children awarded to the mother. During the pendency of the divorce proceedings, the mother requested the father to care for the children temporarily at his place of residence in another state, but her request for their return after the rendition of the divorce decree was refused. Shortly thereafter the father surreptitiously took the children to Oregon. The mother then brought a habeas corpus proceeding here to obtain custody. The writ was dismissed by the trial court and custody of the children awarded to the father. The Supreme Court reversed, ruling that the children were not domiciled in Oregon, and because there were no exceptional circumstances regarding their immediate welfare, Oregon did not have jurisdiction to modify the Indiana divorce decree which awarded custody to the mother. A petition for rehearing was denied.

In *Allen v. Allen*, 200 Or 678, 268 P2d 358 (1954), the court considered a converse situation and held that a California court had erroneously attempted in a custody proceeding there to modify an Oregon divorce decree concerning the father's custody of two children domiciled in Oregon but visiting their mother in California. In so doing, it relied on *Lorenz v. Royer*, supra, and said:

"Our construction of the Oregon decree, confirming as we do the father's domicile as the permanent domicile of the children, destroys the claims of the California courts to jurisdiction over them in proceedings intended to disturb their custodial status, as defined by the Oregon decree. It also robs the California decree of 1951 of the full faith and credit usually attaching to judicial judgments regularly obtained in a foreign jurisdiction. * * *" 200 Or at 684.

In *Lorenz*, the court at the conclusion of a long and carefully considered opinion said:

"However, as pointed out in our opinion, the courts of Indiana, in passing upon the question of custody of infants in divorce proceedings, are governed, as are the courts of this state, by what is deemed to be the best interests and welfare of the children involved. This also is true as regards the hearing of an application for modification of a decree respecting custody. There have been some changes in conditions as applied to these children since the entry of the Indiana decree that affect their welfare, but those matters are exclusively for consideration by the superior court of the state of Indiana, for Allen county.

"Realizing the importance of this case, we gave very careful consideration to the question at issue before arriving at our final conclusions, and we have further carefully reconsidered the matter. However, in view of the fact that the Indiana court had complete jurisdiction over these children, as well as over the parents, and has at no time surrendered jurisdiction insofar as the minors are concerned, thus continuing the status of said children as wards of that court, we are unanimously of the opinion that the superior court for Allen county, and that court only, has the jurisdiction to order a change in custody. Defendant's remedy lies there, not in this court." 194 Or at 384.

Appellant contends concerning this ruling, "if it reflects the current law in Oregon, it must be changed." Counsel, however, cites us to no Oregon case or statute which changes it. We are bound by it, as are the trial courts.

In *Lorenz v. Royer*, supra, the court said:

"We do not wish to be understood as holding that under no circumstances may the courts of this state assume jurisdiction over the welfare of a

child not *domiciled* here. If a minor is found within this state who is deprived of parental care, control, and oversight, or who is neglected or abandoned and in need of protection, the courts of this state will afford at least temporary relief. The rule applicable is well stated in 43 CJS, Infants, 50, § 4, as follows:

> " 'A minor, deprived of parental care, control, and oversight, is considered a person under disability, a ward of the state, over whom the state may and should exercise its sovereign power of guardianship, through its duly constituted agencies; and, as parens patriae, may assume for him parental authority and duty. This power is not an unlimited and arbitrary one, and is exercised only in cases where the child is destitute of that parental care and protection to which he is entitled.'
>
> "In this state the legislature has created juvenile courts with jurisdiction to discharge the duty the state owes in the respects mentioned. * * *"

(Emphasis in original.) 194 Or at 374-75.

No allegation, however, is made here which would support the granting of relief under the special circumstances there described.

We think therefore that the demurrer to the complaint in the custody case should have been sustained. It follows, however, from the foregoing that the trial court correctly ordered that complaint dismissed, and that in the habeas corpus proceeding the court correctly ordered that the writ should issue forthwith.

■ We note too, from the transcript, that the trial court, following the appeal, orally stayed the execution of its own order and directed that the boy remain in Oregon with his father pending the appeal. In so doing, it stated:

> "And solely because having the child now go

with the mother pending appeal there could be a possibility of two changes, to the mother now and then back to the father, the Court believes that if this case is, in fact, appealed, that the child should stay where it is, only because of that possibility of two changes.

"So if, in fact, there is an appeal filed, the Court believes that the child should stay with the father only; because I think that this would avoid the possibility of two changes of custody if there were a reversal."

It refused to consider the request of the mother that she be permitted to post a performance bond assuring the return of the boy in the event of a reversal.

When, as here, the return of a child upon the issuance of an appropriate order can be reasonably assured, as by the posting of an adequate bond conditioned thereon, we think it is error to stay the issuance of the writ, at least in the absence of unusual circumstances such as a history of contumacy toward or willful disobedience of orders of a court or other circumstances reasonably supporting a conclusion that such an order would likely be disobeyed. No such circumstances were present here.

The judgments are affirmed.