Argued March 16, affirmed April 8, 1971

DUKE, *Respondent, v.* HANNA, *Appellant.*

483 P2d 471

*Herbert R. DeSelms,* Lincoln City, argued the cause and filed the brief for appellant.

*Fred Allen,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

The plaintiff, Larry M. Duke, and the defendant, Patsy Ann Duke Hanna, were married in Illinois in September 1965. In October 1965, plaintiff entered the armed services, and he is making that work his career. Two children were born during the marriage.

Following their marriage Mr. Duke served in Vietnam. Thereafter he and the defendant moved to Georgia, where he was stationed. Problems developed and the couple were divorced in Georgia on December 4, 1969. They entered into a settlement agreement which was approved by the court and made a part of the decree. Plaintiff was thereby awarded the custody of Mary Angela. The second child was awarded to the defendant. On December 12, 1969, defendant remarried. Subsequently the plaintiff remarried. When plaintiff was assigned to duty in Germany, the girl, Mary Angela, was left by him with his new wife. While he was in Germany his wife resided with the child in Mississippi. In May 1970, defendant went to Mississipi, picked up Mary Angela without any warning to plaintiff, and brought her to Oregon. Plaintiff obtained an emergency leave, came to Oregon, and when defendant refused to deliver the child to him, instituted this habeas corpus proceeding.

At the conclusion of the trial the court stated:

"* * * Where he is in the Army for a career and going with his wife to an established military post in Germany I don't think this Court could say that this isn't going to be a proper environment for the child, so I can't even say that it's for the best interest of the child that this child remain here in Oregon."

It also concluded that on the facts here it lacked

jurisdiction to do other than grant the writ. Defendant appeals.

This case is governed by the rule of *Lorenz v. Royer*, 194 Or 355, 241 P2d 142, 242 P2d 200 (1952). In *Bacon v. Bacon*, 3 Or App 85, 472 P2d 283 (1970), decided after the decision in the trial court here, this court discussed *Lorenz v. Royer*, supra, at length. We adhere to the views expressed therein.

In accordance with those decisions we agree with the trial court that it was required to grant the writ and return the child to the plaintiff father, who had been awarded her sole custody under the Georgia decree. As the trial court pointed out, nothing in the record here would have supported "the granting of relief under the special circumstances" described in *Lorenz v. Royer*, supra, and reiterated in *Bacon v. Bacon*, supra.

The judgment is affirmed.