Argued April 21, dismissed May 26, petition for rehearing denied
July 25, petition for review denied September 19, 1972

BROWN, *Respondent, v.* BROWN, *Respondent,*
BROWN, *Intervenor-Appellant.*

497 P2d 671

*Hattie Bratzel Kremen,* Salem, argued the cause and filed the briefs for intervenor-appellant.

*Sam F. Speerstra,* Salem, argued the cause for respondent Ann H. Brown. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

*Cecil H. Quesseth,* Salem, argued the cause and filed the brief for respondent James H. Brown.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

This is an appeal from an order denying the petition and motion of Germaine W. Brown to intervene in a divorce suit between plaintiff, Ann H. Brown, and defendant, James H. Brown. Petitioner is the defendant's mother.

On October 6, 1969, plaintiff filed her complaint for divorce against the defendant. Trial was had on June 10 and July 15, 1970. On July 31, 1970, a decree was entered which, in addition to awarding plaintiff a divorce and establishing child custody rights and support obligations, awarded plaintiff

"* * * [a] judgment against the defendant in the sum of $75,000 in lieu of her interest in the marital assets of the parties."

The defendant appealed on August 27, 1970, from the decree to this court, said appeal being subsequently dismissed on December 14, 1970, pursuant to stipulation of the parties.

On September 14, 1970, petitioner moved the court below

"* * * for an order vacating and setting aside the Decree heretofore entered on July 31, 1970; reopening the * * * suit [for divorce between plaintiff Ann H. Brown and defendant James H. Brown]; and for leave to intervene as defendant in this action in order to assert the defenses set forth in her proposed answer, of which a copy is hereto

attached, on the grounds that said Germaine Brown has a substantial financial interest in the real and personal property of the parties to said suit * * *."

In her petition for leave to intervene, filed in support of the above motion, petitioner stated

"* * * that this petition and application for intervention is directed only to the award of judgment of $75,000.00 to the plaintiff as a division of the property of the parties * * *."

After a hearing, the court denied the above motion and petition, stating *inter alia*:

"I am of the opinion that the motion and petition of Germaine W. Brown to vacate the decree and to intervene are not timely. At the time the decree was entered the suit had been pending almost ten months. Germaine Brown living in Salem and being the mother of defendant and involved with him in business interests as reflected by the files and records, herein, including the petition of Germaine Brown, certainly must have been aware of her son's pending divorce and the issues involved therein. She certainly must have been aware that if the suit ended in a divorce decree a disposition of the marital assets would be made.

"But she was not made a party defendant nor did she seek to intervene when this was not done by the parties. She made no effort to intervene until the suit was concluded and the decree was entered. Her move to intervene comes too late."

ORS 13.130 provides in part:

"At any time *before* trial any person who has an interest in the matter in litigation may, by leave of court, intervene. Intervention takes place when a third person is permitted to become a party to a suit, action or proceeding between other persons, either by joining the plaintiff in claiming what is

sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant. * * *" (Emphasis supplied.)

In *Barendrecht v. Clark,* 244 Or 524, 528, 419 P2d 603 (1966), the Oregon Supreme Court stated:

"* * * Read literally, this section [ORS 13.-130] permits intervention only before the trial. However, in *Duke v. Franklin,* 177 Or 297, 304, 162 P2d 141 (1945), the court explained that ORS 13.130 was intended to make provision for intervention only in those instances in which the court ' "*must* hear and determine an application in intervention." ' (Emphasis ours.) The court held that ' "subsequent to the commencement of the trial, leave to intervene may be granted in the exercise of sound discretion, but is not a matter of right." ' * * *"

As indicated above, the divorce suit in which petitioner seeks to intervene was initiated on October 6, 1969. The final decree was entered on July 31, 1970, and petitioner did not seek to intervene until September 14, 1970. We hold that the trial court did not abuse its discretion in denying the petition and motion to intervene.

The appeal of Germaine Brown from the denial of her motion to intervene is dismissed with costs and disbursements awarded to plaintiff respondent Ann H. Brown.