Argued May 17, affirmed as modified August 10, 1972

KANTOLA, *Appellant, v.* KANTOLA, *Respondent.*
500 P2d 263

*Donald H. Coulter,* Grants Pass, argued the cause for appellant. With him on the briefs were Myrick, Coulter, Seagraves & Nealy, Grants Pass.

*R. Gene Smith,* Grants Pass, argued the cause and filed the brief for respondent.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

FORT, J.

The parties were divorced in Josephine County in February 1969. Plaintiff mother, appellant herein, obtained the decree, was awarded custody of the two minor children subject to reasonable visitation rights, and support of $100 a month per child from the defendant father, respondent herein. After the decree the mother with the children moved to California.

In November 1969, after the remarriage of both parties, the court at the father's request spelled out visitation rights. It established July 15 to August 1 as annual and December 21 to January 2 as biennial visitation periods for him, and described the conditions for carrying it out. It refused to reduce child support.

Plaintiff and her family, following this hearing, moved to Hawaii to make their home there permanently. This intent was made known to the court and the defendant at the time of the November hearing. Since that time she and the children have resided there. It is not challenged here that Hawaii became and now is her legal domicile. The evidence supports this conclusion.

In December 1969 defendant became delinquent in his support payments. Thereafter, in July 1970, pursuant to stipulation of the parties, support was reduced by court order to $80 a month per child.

In January 1971 defendant sought reduction of child support payments from $80 a month per child to $30, and an order holding plaintiff in contempt for not allowing the children to visit him for Christmas in 1970, as provided in the above order.

Plaintiff, appearing specially, moved to quash the motion in its entirety. She did not appear personally at the hearing and remained in Hawaii. Her attorney, appearing specially, there urged the motion to quash and specifically objected to the jurisdiction of the court on the ground that neither plaintiff nor the children were Oregon domiciliaries. He offered no testimony on her behalf and took no other part in that hearing.

The trial court concluded it had jurisdiction on both matters, adjudged her in contempt and sentenced her to six months in the county jail, suspending execution provided she thereafter complied with the court's order on visitation. It also reduced the amount of support from $80 to $50 a month per child. This appeal is from those orders.

Essentially, two issues are presented. One relates to the court's jurisdiction here to hold the mother in contempt. The second relates to its power under like circumstances to reduce support.

Oregon has consistently adhered to the domicile rule in matters relating to the custody of children. 7 Will L J 498 (1971); *Lorenz v. Royer,* 194 Or 355, 241 P2d 142, 242 P2d 200 (1952); *Griffin v. Griffin,* 95 Or 78, 187 P 598 (1920); *Godfrey v. Godfrey,* 228

Or 228, 364 P2d 620 (1961); *Allen v. Allen,* 200 Or 678, 268 P2d 358 (1954); *Bacon v. Bacon,* 3 Or App 85, 472 P2d 283 (1970); *Brown v. Brown/Brown,* 10 Or App 80, 497 P2d 671, Sup Ct *review denied* (1972).

Under that rule our court has held that if a child and its custodial parent have lawfully acquired legal domicile, as distinguished from residence, in another state, matters directly relating to custody should be decided in that jurisdiction unless such child and parent are personally present before the Oregon court which granted the divorce.

Here no change in the custody of the children is involved—primarily only the enforcement of a contempt order arising out of the claimed denial of a visitation right. Thus the narrow question is the jurisdiction of the Oregon court to punish a nonappearing foreign domiciliary for an indirect contempt alleged to have been committed in another state arising out of her failure to comply with the visitation portion of a custodial order. The *in personam* jurisdiction here sought to be asserted is based solely upon personal service outside the state upon a foreign domiciliary. The enforceability of such an order, if enforceable at all, is dependent entirely upon the power of a sister state. It is obvious that the courts of this state under such circumstances are powerless to enforce the contempt order.

We realize that continuing custodial and visitation problems too often flow from divorce. These can become frustrating to all involved and to the court as well. In *Griffin v. Griffin,* supra, the court pointed out:

"* * * We know of no law that would prevent the mother from changing her domicile to another state, and upon compliance with the decree, taking

the children with her. The children being in the care and custody of the mother, her residence is their residence. Such is the natural effect of a decree of divorce. It is true that such change of residence may render it inconvenient for the father to visit the children. It is extremely difficult to divorce the parents and at the same time keep them together. 'Ye cannot serve God and mammon.' * * *" 95 Or at 87.

The normal procedure in the enforcement of child custody and related visitation orders where the child and its custodial parent are domiciliaries or residents of a foreign state is through habeas corpus brought in the forum where the child is found. Such a procedure, should a party disobey the resulting order, can there be enforced by contempt or other appropriate remedy of that forum.

■ Accordingly, we conclude that the trial court erred, both in entertaining the contempt motion and in adjudging that the plaintiff was in contempt.

■ ■ Plaintiff also attacks the order reducing the amount of child support. Here the defendant father, an Oregon domiciliary, was personally present before the court. We think it clear that the court had jurisdiction to enter its order reducing the amount of support. ORS 107.135(1)(a). The evidence offered supports the trial judge's conclusion that there had been a substantial change in the father's circumstances, sufficient to warrant the reduction. No claim is made here, nor would the evidence support a conclusion, that the reduction was ordered by way of an indirect sanction against the plaintiff. Plaintiff wife, though personally served with notice in Hawaii, elected to offer no testimony or to cross-examine the defendant.

Affirmed as modified.