Submitted on briefs April 5, affirmed April 23, 1973

KANTOLA, *Appellant, v.* KANTOLA, *Respondent.*

509 P2d 39

Donald H. Coulter, and Myrick, Coulter, Seagraves & Nealy, Grants Pass, for appellant.

Leroy R. Kantola, Salem, pro se for respondent.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

The parties were divorced in Josephine County in February 1969. Both were Oregon domiciliaries and residents of that county at the time the suit was filed. Plaintiff mother obtained the decree, was awarded custody of the two children subject to "reasonable" visitation rights and support of $100 a month per child from defendant. After the decree the mother with the children moved to California.

In October 1969, after the remarriage of both parties, the defendant father, in view of the changed circumstances, asked the court to specify his visitation rights. An order to show cause and citation were duly served on plaintiff in California. Plaintiff thereupon filed a motion to quash on special appearance, questioning the court's jurisdiction over her person and its power to alter the visitation provision. On November 17, 1969, the court in the presence of both parties and their counsel denied plaintiff's motion to quash and then proceeded with the hearing on defendant's motion and entered, on November 26, 1969, an order specifying the visitation rights of defendant. There was no appeal from that order.

Plaintiff and her family, following this hearing, moved to Hawaii to make their permanent home there. The trial court was duly advised by her of her intention to do so prior to the entry of that order.

In January 1971 defendant sought reduction of child support payments and also an order holding plaintiff in contempt for not allowing the children to visit him for Christmas in 1970 as provided in the above order.

Plaintiff also appeared specially by counsel at that time contesting the court's jurisdiction in that

proceeding as to both matters. The trial court concluded it had jurisdiction, adjudged her in contempt and after taking testimony reduced defendant's support payments to $50 per month per child.

On appeal by plaintiff mother, *Kantola v. Kantola,* 10 Or App 266, 500 P2d 263, on August 10, 1972, we reversed on the grounds of comity that portion of the 1971 order holding her in contempt because of the obvious enforceability problems created by the mother's and the children's extrastate domicile. However, we held the trial court properly exercised its continuing jurisdiction to reduce the child support payments, citing ORS 107.135 (1) (a). *Kantola v. Kantola,* supra, 10 Or App at 270.

Subsequently, on October 6, 1972, plaintiff filed a Motion on Special Appearance[1] in the divorce court, seeking a vacating of the November 26, 1969, order. This appeal is from the trial court's denial of that motion.

Since plaintiff mother did not appeal from the order of November 26, 1969, which she now seeks to have expunged, and the question of jurisdiction was directly raised therein by motion to quash on special appearance and denied by the court, defendant contends that the question of the jurisdiction of the court to render that order is now res judicata.

---

[1] Motion on Special Appearance:

"COMES NOW Evalee E. Bolton (formerly Evalee E. Kantola) the plaintiff above named, appearing specially and for the sole purpose of raising a question of jurisdiction, respectfully moves the Court for an Order herein vacating entirely its Order herein dated November 26, 1969, on the ground that this Court was totally without jurisdiction to make such Order, and that such Order is null and void.

"'* * * * *'"

We agree. In *Shaveland v. Shaveland,* 112 Or 173, 228 P 1090 (1924), the court said:

"In Runnells v. Leffel et al., 105 Or. 346 (207 Pac. 867), we quoted with approval the following from *Barrett v. Failing,* 8 Or. 152:

" 'The rule is that the judgment of a court of competent jurisdiction is not only conclusive on all questions actually and formally litigated, but as to all questions within the issue, whether formally litigated or not.' " 112 Or at 178.

Leflar in American Conflicts Law 184, 185, ch 9 Judgments and Public Acts § 80 (1968), states:

"If the court which rendered a judgment has, with the parties before it, expressly passed upon the jurisdictional question in the case, or had opportunity to do so because the parties could have raised the question, that question is res judicata in the state where that court sits, therefore not subject to collateral attack in the state in which the judgment is sued on. * * *"

*See also: State ex Rel. Hewson v. Hewson,* 129 Or 612, 618-19, 277 P 1012, 63 ALR 1216 (1929).

Furthermore, ORS 107.135 (1)(a) provides:

"The court has the power at any time after a decree is given, upon the motion of either party and after service of notice on the other party in the manner provided by law for service of a summons, to:

"(a) Set aside, alter or modify so much of the decree as may provide for the appointment and duties of trustees, for the custody, support and welfare of the minor children, or for the support of a party * * *."

Here the father was at all times a resident of Oregon. The mother was present in Oregon and was

personally served within this state prior to the November 1969 hearing, and the matter was heard in the same court which granted the divorce. We find nothing in *Hawkins v. Hawkins,* 264 Or 221, 504 P2d 709 (1972), cited by the plaintiff, which would support a contrary conclusion.

Affirmed.