Argued and submitted March 9, reversed and remanded
for futher proceedings August 3, 1981

In the Matter of the Marriage of

SUTTON,
*Appellant,*
*and*
GIFFORD,
*Respondent.*

(No. D8003-62449, CA 18824)

632 P2d 4

Robert H. Sacks, Portland, argued the cause for appellant. On the brief were Will Aitchison, and Jolles, Sokol, Bernstein & Aitchison, P.C., Portland.

Ralph Bolliger and Bolliger, Hampton & Tarlow, P.C., Portland, waived appearance for respondent.

Before Richardson, Presiding Judge, and Joseph, C. J., and Thornton, J.

THORNTON, J.

## THORNTON, J.

Wife brought this petition for modification of the visitation and child support provisions of a 1975 Michigan decree of dissolution. The trial court modified visitation pursuant to a stipulation of the parties, but declined to act on the child support matter on the ground that the court lacked subject matter jurisdiction to modify that provision, stating, however, that

> "* * * in any event, the Court would not under the circumstances feel justified in changing the child support * * * in view of the fact that, A) the determination was within a reasonable period of time in the past, and [this court] has not heard that there has been a substantial change of circumstances other than the inflation and maturation, that it was product *[sic]* initially of an agreement, and the Florida court acted."

Wife appeals from the decree granting husband's motion to dismiss the child support modification claim for lack of subject matter jurisdiction.

The parties were divorced on October 23, 1975, in Michigan. In that decree, husband was ordered to pay child support for the parties' two small children in the amount of $110 every two weeks. On July 8, 1977, that sum was increased to $130 every two weeks by order of the Michigan court. On August 31, 1977, the decree was further modified to amend the visitation provisions. On February 26, 1980, a court in Florida (where husband is currently domiciled) entered an "Order for Child Support" (apparently pursuant to the Reciprocal Support Enforcement Act; *see* ORS ch 110) directing husband to pay into that court the sum of $60.47 per week for child support. On March 27, 1980, wife commenced this proceeding for modification of the decree. On June 9, 1980, a Michigan court issued an order to husband to show cause why he should not be held in contempt for failing to pay approximately $2,000 in back child support.[1] As of the date of the trial court hearing in this case (August 18, 1980), no action had been taken on the show cause order.

---

[1] Admissions in the file indicate that husband had in fact paid at least a portion of the required sums to the Florida court pursuant to its order.

Husband was personally served with process in Oregon and does not contest the circuit court's personal jurisdiction. He did not appear at the hearing, but filed a special appearance and motion to dismiss based on lack of subject matter jurisdiction. Wife was present and was sworn as a witness for the sole purpose of verifying the accuracy of her attorney's recitations of fact. Aside from the statement of expenses filed by wife, the recitations of the attorneys constitute the only source of information. Both parties have remarried, and wife has a third child by her new husband. She quit her $10,800 per year job as an outreach worker to care for her baby and to pursue further education. The list of expenses she submitted claims a monthly maintenance cost for her and her two older children of $1,572 per month, as compared to $775 per month in 1977. She requests an increase in child support to a total of $500 per month for both children. Husband has no children from his remarriage. His attorney stated that he was currently unemployed, having lost his job about a month prior to the hearing. His reported income was in the neighborhood of $200 per week net.

In finding it lacked subject matter jurisdiction, the court relied on *Kantola v. Kantola,* 10 Or App 266, 500 P2d 263 (1972), in which the court modified the support obligation of husband, an Oregon domiciliary, although wife, who had been personally served in Hawaii where she lived with the parties' children and her new family, was not present in court and offered no evidence. The trial court in *Kantola* also held wife in contempt for violating husband's visitation rights. We reversed the latter order on the ground that matters involving child custody should be determined in the forum where the custodial parent and children are domiciled, unless they appear before the court in this jurisdiction. 10 Or App at 269-70. The trial court in this case took *Kantola* as authority that the forum of husband's domicile is the proper one for adjudication of matters relating to his support obligation; otherwise, the court reasoned, wife might move from state to state and sue husband in each one, even though the relevant evidence might be elsewhere and the cost and inconvenience to husband in defending claims in various jurisdictions would be unduly burdensome.

Shortly after *Kantola* was decided, our Supreme Court handed down *Hawkins v. Hawkins,* 264 Or 221, 504 P2d 709 (1972). In *Hawkins,* the wife, allegedly with the consent of the husband, brought the children to Oregon from Alabama, where a dissolution proceeding was pending. Subsequently, wife was unable to afford the cost of returning to Alabama for the hearing, and that court in her absence entered a decree awarding custody of the children to husband. He then sought a writ of habeas corpus in Oregon to gain custody of his children. Our Supreme Court rejected wife's contention that the Alabama court lacked jurisdiction to enter the decree because she and the children were no longer domiciled there on the date of the hearing, but ruled that, under the Full Faith and Credit clause, the decree was not binding on Oregon courts to any greater extent than it was on Alabama courts. Alabama law permits modification of custody awards. The court held that, because both parties were personally subject to Oregon jurisdiction and the children were present in the state, the Oregon court had subject matter jurisdiction over the custody dispute. 264 Or at 235-36. In so doing, it overruled an earlier case, *Lorenz v. Royer et ux.,* 194 Or 355, 241 P2d 142, 242 P2d 200 (1952), which had held that jurisdiction to determine custody lay in the forum of the custodial parent's domicile, regardless of the child's or custodial parent's actual whereabouts.[2]

■ In *Walker v. Walker,* 26 Or App 701, 707, 554 P2d 591 (1976), we held that the rule in *Hawkins* applies to

---

[2] In 1973, Oregon enacted the Uniform Child Custody Jurisdiction Act. ORS 109.700 to 109.930. To a large extent, the factors enumerated in the Act for determining jurisdiction *(see* ORS 109.730, 109.770, 109.840) parallel those set out in *Hawkins. See also, Grubs v. Ross,* 291 Or 263, 630 P2d 353 (1981). The Act itself does not, however, provide a basis for jurisdiction over the child support issue in this case. ORS 109.710(2) defines "custody determination" as:

"* * * a court decision and court orders and instructions providing for the custody of a child, *including visitation rights.* 'Custody determination' *does not include a decision relating to child support* or any other monetary obligation of any person." (Emphasis added.)

The trial court had jurisdiction over the visitation rights question pursuant to the above provision. The Act does permit consolidation of child support issues with custody issues, but only where an independent basis for jurisdiction over the former exists. ORS 109.730(3); *Quenzer and Quenzer,* 42 Or App 3, 6-7, 599 P2d 1217 (1979).

modification of support orders. Applying that rule to the facts of this case, it appears that both parents were personally within the Oregon court's jurisdiction, and the children have lived with wife in Oregon for two years. Oregon is required by the Full Faith and Credit clause to enforce the Michigan decree to the same extent that it would be enforceable in the courts of that state. Michigan law authorizes its courts to modify support orders upon a showing of changed circumstances. MCLA 552.333. We conclude therefore that the circuit court had subject matter jurisdiction over the modification claim.

This does not end the inquiry. In *Hawkins,* the court noted that, even though a court may have jurisdiction in a technical sense, it may decline to exercise it if it finds that another forum exists which is more appropriate to litigation of the particular issues involved. To this end, *Hawkins* lists five factors for consideration: 1) whether other proceedings are pending in another jurisdiction or a court in that forum has declined to take jurisdiction of the matter; 2) the domiciles of the parents and children and other facts which might suggest that another state has a more substantial interest in the welfare of a child; 3) the availability of witnesses and other evidence relevant to the issues involved; 4) the inconvenience of having the hearing here as opposed to some other state; and 5) whether an alternate forum is available. 264 Or at 239-40.

Insofar as the record shows, the proceeding currently pending in Michigan is a contempt proceeding for failure to pay back child support. No issue of changed circumstances or modification is involved in that proceeding. Neither party resides any longer in Michigan; husband lives in Florida and wife and the children live in Oregon. The issue is whether the cost of raising the children in Oregon, together with other factors, has produced a change of circumstances sufficient to warrant a modification. Evidence supporting wife's claimed expenses would be available here, even though to some degree husband's expenses are relevant *(i.e.,* on the issue of what husband can afford to pay). *Smith v. Smith,* 290 Or 675, 684, 626 P2d 342 (1981).

Oregon has a strong interest in the well-being of its domiciliaries, particularly children, where the state may be called upon to devote its resources to support them in the event other support is not forthcoming or expenses increase dramatically, or to aid the obligee spouse in collecting from the obligor through the reciprocal support enforcement program. Michigan is a potential alternate forum, but it does not appear that it would be convenient for either party to proceed there. As between Florida and Oregon, assuming the former would find sufficient contacts to accept jurisdiction of the case, the choice inevitably inconveniences one spouse or the other, and we conclude on balance that the interests of the children are best served by taking jurisdiction here.

■   We now turn to the question of the proper disposition of this case. Our review is *de novo,* and we would be free to reach our own conclusions as to whether wife had shown a change of circumstances justifying modification. Conceivably, we could conclude on the meager record before us that, regardless of what husband's evidence would have shown, wife, who had an opportunity to present her side, failed to adduce sufficient evidence to carry her burden. We conclude, however, for the following reasons, that the case should be remanded to circuit court for a new determination of the merits.

Because the trial court found it had no subject matter jurisdiction, its statement that wife had not shown a change of circumstances other than inflation and maturation to justify raising the level of support was not determinative in any sense. As mentioned, the record is not well-developed. There was no cross-examination of wife as to her claimed expenses, and husband offered no evidence at all. Although wife might be found to have failed in her burden of proof, given the fact that the thrust of the trial court's statements throughout was that it would find no subject matter jurisdiction, we think the wife did not in fact present her evidence. In particular, the evidence is entirely inconclusive as to the parties' respective incomes. In terms of the equation for determining child support awards established in *Smith v. Smith, supra,* 290 Or at 684, this evidence is of prime importance, as is evidence of the

childrens' needs. We therefore remand the case for further evidence and a determination based on *Smith.*

      Reversed and remanded for further proceedings not inconsistent with this opinion. No costs to either party.