Argued and submitted May 14, reversed and remanded September 3, reconsideration denied October 17, petition for review denied November 20, 1986 (302 Or 299)

In the Matter of the Marriage of

## BURBACK,
*Appellant,*
*and*

## BURBACK,
*Respondent.*

(D8507-65686; CA A37800)

724 P2d 853

Brian E. Jeanotte, Portland, argued the cause and filed the brief for appellant.

Lawrence D. Gorin, Portland, argued the cause for respondent. With him on the brief was Keller, Gottlieb & Gorin, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Mother appeals from a trial court judgment dismissing her motion to modify the child support provision of the parties' California dissolution decree. The court concluded that it lacked subject matter jurisdiction. We disagree and reverse.

The parties grew up and met each other in Oregon. In 1976, they were married. Their first child was born in 1978. In 1979, they were divorced. In 1980, they remarried. A second child was born in 1981. Later that year, the family moved to California, where they lived until 1982, when they again separated. Mother and the children returned to Oregon. Father remained in California. He filed for dissolution of the marriage in California, which was granted and became final in 1983. Although taken by default, the California decree was based on a stipulated agreement between the parties that provided that mother would have custody of the children and that father would pay child support.

Father continued to live in California until 1985, when he moved to Florida. In July, 1985, mother filed a motion in Multnomah County to modify the support provisions of the parties' dissolution decree. An authenticated copy of the parties' California decree was attached to the motion. Mother had not registered the decree in Oregon. *See ORS* 110.275 *et seq* (registration of foreign support order); ORS 24.105 *et seq* (Uniform Enforcement of Foreign Judgments Act). Father was personally served in Oregon with a copy of mother's motion and an order to show cause. He did not contest the trial court's personal jurisdiction over him but did contest its subject matter jurisdiction. He argued that it lacked express statutory authority to *modify* the support provision of an out-of-state decree. He argued further that registration under either ORS 24.115 or ORS 110.281 would not empower the trial court to act on mother's motion, because those statutes do not give an Oregon court the power to "modify" the support provisions of an out-of-state dissolution decree. The court agreed and dismissed mother's motion. We conclude that the trial court erred.

In *Walker v. Walker,* 26 Or App 701, 554 P2d 591, *rev den* 276 Or 873 (1976), the parties were divorced in Hawaii. The mother received custody of the children, and the father

was ordered to pay child support. Both parties then moved to Oregon. Later, the father filed a motion in an Oregon court for modification of the child support provisions of the Hawaii decree. He attached a certified copy of the decree to his motion. The mother moved to quash the order to show cause on the ground that the Oregon court lacked subject matter jurisdiction, because the Hawaii decree had not been registered in Oregon. The trial court granted the mother's motion on that ground. On appeal, we reversed, stating:

> "No constitutional authority suggests that registration is essential to confer jurisdiction to modify in Oregon courts. *Halvey v. Halvey,* 330 US 610, 67 S Ct 903, 91 L Ed 1133 (1947), and *Hawkins v. Hawkins,* 264 Or 221, 504 P2d 709 (1972), hold that the child custody provisions of a foreign divorce decree are modifiable in a forum having personal jurisdiction over the parties to the same extent that it would be modifiable in the state where rendered. Perceiving no basis for a difference between custody and support provisions, the same rule should be applicable to both.

> "Hawaii allows support provisions to be modified upon a showing of 'a material change in the physical or financial circumstances of either party.' HRS 580-47, *see, Blackshear v. Blackshear,* 52 Hawaii 480, 478 P2d 852, 61 ALR3d 653 (1971).[11] Where, as here, all parties are domiciled in Oregon and subject to the personal jurisdiction of Oregon courts, modification is constitutionally permissible upon the same showing. Registration of the Hawaii decree is not mandatory.

> "There is no statutory basis for a different conclusion. ORS 24.160 provides that registration of a foreign judgment is a permissible, not mandatory, procedure. ORS 43.110 provides that judicial records of sister states are admissible in Oregon courts if certified in a certain manner. Under ORS 109.850, all that is needed to bring a foreign child-custody decree before an Oregon court is a certified copy of the decree. None of these statutes, nor any others, comes even close to indicating that registration in Oregon must occur before an Oregon court has jurisdiction to modify an out-of-state dissolution decree." 26 Or App at 707. (Footnote omitted.)

In *Woodruff and Woodruff,* 41 Or App 529, 534-535, 599 P2d 1182 (1979), we recognized that modification of a

---

[1] Although the non-custodial parent in *Walker* was domiciled in Oregon, that fact is not controlling in this case. Father does not challenge the trial court's personal jurisdiction over him.

support order of another state may be proper, with or without registration:

"The Washington orders were modifiable in Washington as to future payments. RCWA 26.09.170. On a sufficient showing of change of circumstances, they are also modifiable here."

In *Sutton and Gifford,* 53 Or App 309, 632 P2d 4 (1981), the mother filed a motion in Oregon for modification of the visitation and child support provisions of a Michigan decree. The father was personally served in Oregon, and he did not contest the court's personal jurisdiction. Pursuant to the parties' stipulation, the court modified visitation, but it declined to act on the child support matter on the ground that it lacked subject matter jurisdiction. On appeal, we reversed, stating:

"In *Hawkins* [*v. Hawkins, supra*], the wife, allegedly with the consent of the husband, brought the children to Oregon from Alabama, where a dissolution proceeding was pending. Subsequently, wife was unable to afford the cost of returning to Alabama for the hearing, and that court in her absence entered a decree awarding custody of the children to husband. He then sought a writ of habeas corpus in Oregon to gain custody of his children. Our Supreme Court rejected wife's contention that the Alabama court lacked jurisdiction to enter the decree because she and the children were no longer domiciled there on the date of the hearing, but ruled that, under the Full Faith and Credit clause, the decree was not binding on Oregon courts to any greater extent than it was on Alabama courts. Alabama law permits modification of custody awards. The court held that, because both parties were personally subject to Oregon jurisdiction and the children were present in the state, the Oregon court had subject matter jurisdiction over the custody dispute. 264 Or at 235-36. In so doing, it overruled an earlier case, *Lorenz v. Royer et ux.,* 194 Or 355, 241 P2d 142, 242 P2d 200 (1952), which had held that jurisdiction to determine custody lay in the forum of the custodial parent's domicile, regardless of the child's or custodial parent's actual whereabouts.

"In *Walker v. Walker,* [*supra*], we held that the rule in *Hawkins* applies to modification of support orders. Applying that rule to the facts of this case, it appears that both parents were personally within the Oregon court's jurisdiction, and the children have lived with wife in Oregon for two years. Oregon is required by the Full Faith and Credit clause to

enforce the Michigan decree to the same extent that it would be enforceable in the courts of that state. Michigan law authorizes its courts to modify support orders upon a showing of changed circumstances. MCLA 552.333. We conclude therefore that the circuit court had subject matter jurisdiction over the modification claim." 53 Or App at 313 (Footnote omitted.)

California allows child support provisions to be modified on a sufficient showing of change of circumstances. *See* Cal Civ Code §§ 4700, 4720-4731. In that respect, California law is substantially similar to Oregon's. *See* ORS 107.135(1)(a). Mother attached an authenticated copy of the parties' California decree to her motion.[2] She and the children are residents of Oregon. We hold that the trial court had subject matter jurisdiction.[3]

Reversed and remanded. Costs to mother.

---

[2] We specifically reject father's contention that ORS 24.115 and ORS 110.281 do not permit an Oregon court to modify the support provisions of an out-of-state dissolution decree.

[3] We believe that the result would be the same under California authorities. *See, e.g., Worthley v. Worthley,* 44 Cal 2d 465, 283 P2d 19 (1955); *Starr v. Starr,* 121 Cal App 633, 263 P2d 675 (1954).