Argued and submitted December 9, 1992, reversed and remanded March 10, 1993

In the Matter of the Marriage of

Mary Delohery KLAR,
nka Malia Delohery,
*Appellant,*

*and*

Matthew David KLAR,
*Respondent.*

(91-9-23; CA A73444)

848 P2d 144

William J. Hedges, Oregon City, argued the cause for appellant. With him on the brief was Hedges & Mitchell, Oregon City.

Kathryn Smith Root, Portland, argued the cause for respondent. With her on the brief was Johnston & Root, P.C., Portland.

Before Warren, Presiding Judge, and Richardson and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Mother appeals from a judgment that dismissed her motion to modify the support provisions of the parties' 1982 Colorado dissolution judgment for lack of subject matter jurisdiction.[1] The Colorado judgment required father to pay $250 per month for the support of the parties' child. After the Colorado judgment was issued, mother and the child moved to Oregon, and father moved to Michigan. In 1991, mother sought to register the Colorado judgment in Oregon and moved to modify the support award. Father was personally served in Michigan and appeared at the show cause hearing where the trial court dismissed the motion *sua sponte*. On appeal, father contends that the court did not have jurisdiction because the judgment was not properly registered in Oregon.

Even if the judgment was not properly registered under ORS 24.115[2] and ORS 24.125, subject matter jurisdiction exists because the children are residents of Oregon. *See Burback and Burback*, 81 Or App 74, 78, 724 P2d 853, *rev den* 302 Or 299 (1986). In *Burback*, we also rejected the argument made by the father that ORS 24.115 and ORS 110.281 do not authorize an Oregon court to modify the support provisions of a foreign dissolution judgment. 81 Or App at 78 n 2. Father's other arguments do not require discussion.

Reversed and remanded. Costs to mother.

---

[1] We do not decide whether the trial court had personal jurisdiction over father, because that issue was not litigated in the trial court.

[2] ORS 24.115 was amended after *Burback* was decided. However, the pertinent statutory language was not changed. *See* Or Laws 1987, ch 586, § 14. The statute now provides, in part:

"(3) A [foreign] judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of a court of any county of this state and may be enforced or satisfied in like manner."