Argued and submitted May 3, affirmed December 4, 1985

In the Guardianship of
Summer Ann Higgins, a Minor Child.

GRIBKOFF et al,
*Appellants,*

*v.*

BEDFORD et al,
*Respondents.*

(14812; CA A33538)

711 P2d 176

Douglas W. Moore, Albany, argued the cause and filed the brief for appellants.

Keith J. Rohrbough, Albany, waived appearance for respondents.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Petitioners asked to be appointed guardians of their granddaughter, a minor child. *See* ORS 126.060 *et seq.* They are the child's maternal grandparents. The child's parents and paternal grandparents, all residents of California, objected to the petition. The court conducted a hearing to determine whether Oregon was an appropriate forum for the action and dismissed. We affirm.

The child was born in California in 1978. Her parents separated in 1979, but their marriage was not dissolved. The child was primarily in the care of her mother. There is, however, no custody order concerning the child. After the separation, mother moved to Oregon with the child. Mother and child returned to California in 1981. Mother had difficulty caring for the child, and for extended periods she left the child either with petitioners in Oregon or with the paternal grandparents in California. Father took almost no interest in the child's care. There was evidence that the child had been neglected and subjected to a disruptive environment during her entire life. When the petition was filed, the child had lived approximately half of her life in Oregon.

In April, 1984, mother left the child with the paternal grandparents in California. In June, 1984, when they were unable to care for the child, she instructed them to deliver the child to petitioners in Oregon. Petitioners filed the petition on July 2, and the hearing was held on September 4, 1984. The court dismissed the petition under the Uniform Child Custody Jurisdiction Act, ORS 109.700 to 109.930 (UCCJA).

Petitioners' first assignment is that the court erred when it refused to assume jurisdiction. Petitioners argue that the UCCJA does not apply to guardianship actions. It does. Although the guardianship statutes do not refer to the UCCJA,[1] its provisions extend to any court decision or order

---

[1] The present guardianship statutes do not contain any limitations on the jurisdiction of the court. Under prior law, the court could exercise jurisdiction over actions for guardianship of a minor only if the child was a domiciliary. Former ORS 126.120 (*repealed by* Or Laws 1961, ch 344, § 109); *Fox et ux v. Lasley,* 212 Or 80, 318 P2d 933 (1957). *Fox* was explicitly overruled in *Hawkins v. Hawkins,* 264 Or 221, 237, 504 P2d 709 (1972), which required a court in a custody action to determine jurisdiction in the "best interest of the child." After *Hawkins,* the successor statute to former ORS 126.120, *former* ORS 126.106, was repealed and the UCCJA was enacted. Or Laws 1973, ch 823, § 154; Or Laws 1973, ch 375, § 25. The provisions of the UCCJA on jurisdiction roughly parallel the factors enumerated in *Hawkins. See Sutton and Gifford,* 53 Or App, 309, 313, 632 P2d 4 (1981).

providing for the custody of a child. ORS 109.710(2).[2]. *State ex rel Pennsylvania v. Stork,* 56 Or App 335, 340, 641 P2d 660 *rev den,* 293 Or 190 (1982). "The Act aims to avoid the jurisdictional conflicts and confusions which have resulted in the past by providing, as clearly as possible, for *one* court in *one* state to have major responsibility to determine who is to have custody of a particular child." *Grubs v. Ross,* 291 Or 263, 268, 630 P2d 353 (1981). (Emphasis in original). In that case the court recognized that guardianship actions were partly responsible for "conflicts and confusions."[3] Guardianship actions can significantly affect custodial rights. We conclude that a court order appointing a guardian of a minor child is a "custodial determination" within the meaning of ORS 109.710(2). *See Clark v. Kendrick,* 670 P2d 32 (Colo App 1983); *In Re Guardianship of Wonderly,* 67 Ohio St 2d 178, 423 NE2d 420 (1981).

■ ■ The court found that it had UCCJA jurisdiction under ORS 109.730(1)(b) & (c):

"(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

"(a) * * * * *

"(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in

---

[2] ORS 109.710 provides:

"As used in [the UCCJA] * * *

"* * * * *

"(2) 'Custody determination' means a court decision and court orders and instructions providing for the custody of a child, including visitation rights. 'Custody determination' does not include a decision relating to child support or any other monetary obligation of any person.

"(3) 'Custody proceeding' includes proceedings in which a custody determination is one of several issues, such as an action for divorce or separation, and includes child neglect and dependency proceedings."

The drafters of the Act stated:

" 'Custody proceeding' is to be understood in a broad sense. The term covers habeas corpus actions, guardianship petitions, and other proceedings available under general state law to determine custody." Commissioners' Note, 9 ULA 120 (Master ed 1979).

[3] *Grubs v. Ross, supra,* 291 Or at 268, citing *Fox et ux v. Lasley, supra.*

this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

"(c)    The child is physically present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent * * *."

The court did not have jurisdiction under subsection (c). That subsection applies only to situations of actual emergency.[4] Although there was evidence that the child here had been neglected through much of her life, there was no evidence at the time of the hearing that an emergency had existed. We find, however, that the child and the contesting maternal grandparents have a significant connection with this state and that there is available in Oregon substantial evidence concerning the child's present or future care, protection, training and personal relationships. Accordingly the court had UCCJA jurisdiction under subsection (b).[5]

▪    The court, however, did not assume jurisdiction and dismissed the action, because it held that it was an inconvenient forum. ORS 109.770(3) provides:

"In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:

"(a)    If another state is or recently was the child's home state;

"(b)    If another state has a closer connection with the child and the family of the child or with the child and one or more of the contestants;

"(c)    If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;

"(d)    If the parties have agreed on another forum which is no less appropriate; and

---

[4] "This extraordinary jurisdiction is reserved for extraordinary circumstances." Commissioners' Note, 9 ULA 124 (Master ed 1979).

[5] Our decision does not contravene the intent of the act's drafters that this provision should be interpreted in "the spirit of the legislation" to limit rather than to proliferate jurisdiction. *See* Commissioners' Note, *supra*, n 4.

"(e)   If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in ORS 109.720 (1) and (2)."

California was the child's home state, *see* ORS 109.710(5), and she had been living in California until two months before the petition was filed. California had a closer connection than Oregon with the child and with her family. Evidence as to the child's care, past, present and future was more readily available in California. The court was correct when it dismissed the petition on this ground.[6]

Petitioners' second assignment of error is that the court should not have even considered the question of jurisdiction because all of the relevant parties were before it. Even assuming that this argument has merit, the court did not dismiss for want of jurisdiction but rather on the ground that Oregon is an inconvenient forum.[7]

Because we affirm the court's decision to dismiss, we do not consider the third assignment of error.

Affirmed.

---

[6] After the dismissal, the court sent a detailed account of its findings to the authorities in California. *See* ORS 109.770(8).

[7] The UCCJA sets limits on subject matter jurisdiction, and they are not waivable.