Submitted on remand from the Oregon Supreme Court June 3, paragraphs 4 and 5 of judgment stricken; remanded for further proceedings not inconsistent with opinion September 24, 1986

# In the Matter of the Marriage of

## HENRY,
*Respondent,*
*and*

## HENRY,
*Appellant.*

## (D83-0779; CA A30423)

725 P2d 943

Nancy Sideras, Hillsboro, appeared for appellant. With her was Nancy Sideras & Associates, Hillsboro.

Thomas P. Howe, Portland, appeared for respondent. With him was Howe & Harder, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

This dissolution is before us on remand from the Supreme Court. *Henry and Henry,* 301 Or 185, 721 P2d 430 (1986). Wife had been personally served in Washington with a summons in husband's petition for dissolution. She did not appear. She was found in default, and a judgment was entered in accordance with husband's petition. Wife appealed, and we dismissed, holding that we were without jurisdiction to hear an appeal from a default judgment by a party who had failed to answer after service. *Henry and Henry,* 73 Or App 188, 698 P2d 496 (1985).

The Supreme Court reversed, holding that case law has established an exception to ORS 19.020[1] to allow an appeal from a void judgment. On remand, we are directed to consider "what part or parts" of the judgment may be void. Wife concedes that the court had jurisdiction to dissolve the marriage, ORCP 4K(1),[2] but challenges the property distribution, child custody and child support. She argues that the trial court lacked jurisdiction to make a disposition of real and personal property located outside of Oregon. Husband makes no argument on this issue, and we agree with wife. There is no evidence that she had any contacts whatsoever with Oregon, and she has not consented to jurisdiction; therefore, there is no personal jurisdiction over wife. ORCP 4A(5).[3] Because the

---

[1] ORS 19.020 provides, in part:

"Any party to a judgment or decree, other than a judgment or decree given by confession or for want of an answer, may appeal therefrom."

[2] ORCP 4K(1) provides:

"A court of this state having jurisdiction of the subject matter has jurisdiction over a party served in an action pursuant to Rule 7 under any of the following circumstances:

"In any action to determine a question of status instituted under ORS Chapter 106 or 107 when the plaintiff is a resident of or domiciled in this state."

A court may have in rem jurisdiction to dissolve a marriage, *i.e.,* to determine a question of status in an *ex parte* proceeding against a nonresident spouse, but without some act by the nonresident spouse which confers personal jurisdiction, such as consent or a general appearance, the court may not enter an order affecting that spouse's monetary obligations or rights. *O'Connor and Lerner,* 70 Or App 658, 699 P2d 1095 (1984).

[3] ORCP 4A(5) provides:

"A court of this state having jurisdiction of the subject matter has jurisdiction over a party served in an action pursuant to Rule 7 under any of the following

property is not in Oregon, the trial court has no in rem jurisdiction permitting it to determine wife's interest in the property. ORCP 5A.[4]

■ Wife next argues that the trial court lacked jurisdiction to award custody of the minor son to husband and custody of the minor daughter to her. She contends that the trial court failed to follow the procedure to establish jurisdiction which was outlined in *State ex rel Pennsylvania v. Stork,* 56 Or App 335, 641 P2d 660, *rev den* 293 Or 190 (1982). Accordingly, she says, the custody portion of the decree is "void." In *Stork,* the wife was personally served in Pennsylvania with the husband's petition for dissolution. She did not appear, and the trial court awarded custody of the children to the husband. On the wife's motion to vacate the custody award, we held that the requirements of both ORS chapters 107 and 109 (Uniform Child Custody Jurisdiction Act) must be met. Under ORS 109.730, the trial court must first ascertain if it has jurisdiction, then determine if it will exercise jurisdiction, *see* ORS 109.770, and, if it decides to do so, consider what is in the best interests of the children.

We do not agree with husband that he provided the trial court with sufficient information from which it could establish that it had jurisdiction under ORS chapters 107 and 109. His initial pleading does not provide the jurisdictional

---

circumstances:

"A. In any action, whether arising within or without this state, against a defendant who when the action is commenced:

"* * * * *

"A.(5) Has expressly consented to the exercise of personal jurisdiction over such defendant."

[4] ORCP 5A provides:

"A court of this state having jurisdiction of the subject matter may exercise jurisdiction in rem on the grounds stated in this section. A judgment in rem may affect the interests of a defendant in the status, property, or thing acted upon only if a summons has been served upon the defendant pursuant to Rule 7 or other applicable rule or statute. Jurisdiction in rem may be invoked in any of the following cases:

"A. When the subject of the action is real or personal property in this state and the defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partially in excluding the defendant from any interest or lien therein. This section also shall apply when any such defendant is unknown."

information required by ORS 109.730.[5] His allegations that there are no other pending domestic relation actions meet the requirements of ORS 107.085(2)[6] but not those of ORS 109.730. His petition gives only the names and birthdates of the children and that the daughter is presently "in the custody" of wife. The failure to provide the information was

---

[5] ORS 109.730 provides:

"(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

"(a) This state is the home state of the child at the time of commencement of the proceeding, or had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state;

"(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and the parents of the child, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

"(c) The child is physically present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

"(d) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), (b) or (c) of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.

"(2) Except under paragraphs (c) and (d) of subsection (1) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

"(3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine custody of the child."

[6] ORS 107.085(2) provides:

"The petition shall state the following:

"(a) The names, addresses, social security numbers, if known, and dates of birth of all children born or adopted during the marriage and a reference to and expected date of birth of any children conceived during the marriage but not yet born;

"(b) The names, addresses, social security numbers, if known, and dates of birth of all children born to the parties prior to the marriage; and

"(c) To the extent known, whether there is pending in this or any other state a domestic relations suit, as defined in ORS 107.510, or any type of support proceeding involving dependents of the same marriage, including one brought under ORS 108.110, 416.400 to 416.470 or this section."

not cured by any later proceedings. The trial court, as in *Stork*, incorrectly awarded custody as an incident of a default decree. Therefore, we remand to the trial court for it to address the question of whether or not it has jurisdiction. If it determines that it does, and that Oregon is not an inconvenient forum, then it may make a custody award. *See State ex rel Pennsylvania v. Stork, supra,* 56 Or App at 343.

■ Husband's obligation to pay wife child support will depend on whether the trial court has jurisdiction to determine custody. In *State ex rel Pennsylvania v. Stork, supra,* 56 Or App at 340, we noted that "power" is equated with jurisdiction in ORS 107.105(1), which gives the court "power" to provide:

> "(c) For the recovery from the party not allowed the care and custody of such children, or from either party or both parties if joint custody is decreed, such amount of money, in gross or in installments, or both, as constitutes just and proper contribution toward the support and welfare of such children."

Although there are instances, such as in considering modification, when a trial court may consider child support as an isolated issue, ORS 107.105(1)(c) clearly contemplates that an original determination of support be concomitant with the determination of custody. If, on remand, the trial court determines custody, it shall at that time determine whether to award child support to wife. However, because it has no personal jurisdiction over wife, it may not order her to pay support.

Paragraphs 4 and 5 of the judgment are stricken; remanded for further proceedings not inconsistent with this opinion. Costs to wife.