519 So.2d 427 (1988)
Roger A. WALTERS
v.
Lola WALTERS.
No. 57371.
Supreme Court of Mississippi.
January 27, 1988.
J. Stephen Wright, Stennett, Wilkinson & Ward, Jackson, for appellant.
Melinda Bryant Arrington, Arrington & Arrington, Hazlehurst, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and ZUCCARO, JJ.
*428 ZUCCARO, Justice, for the Court:
Lola Walters filed a complaint in the Chancery Court of Copiah County, seeking custody of her two (2) minor children. The trial court granted her custody, and her estranged husband appeals.
Roger and Lola Walters were married in Montana on April 13, 1981. Thereafter, the couple continued to live in Montana. Two (2) children were born to the marriage: David, born April 3, 1983; and Dian, born February 28, 1984. Roger and Lola began having marital difficulties; according to Lola's testimony, Roger pushed her, sat on her, and threatened her, but never struck her. On March 9, 1985, Lola and the two (2) children left the family's home in Billings, Montana and took up residence at the Battered Women's Shelter in that town. One week later Lola and the children went to live with Lola's mother in Copiah County, Mississippi. On March 28, 1985, Roger filed a complaint for divorce in Yellowstone County, Montana. In that complaint he sought permanent custody of both children. The next day, March 29, 1985, Lola filed a complaint for child custody in the Chancery Court of Copiah County, Mississippi. Finding that it had jurisdiction of the parties and the subject matter, the Copiah County Chancery Court conducted a hearing. Although Roger did not attend the hearing, he was represented by counsel, who claimed in the trial court, as he does on appeal, that pursuant to the Uniform Child Custody Jurisdiction Act, the Copiah County Chancery Court lacked jurisdiction to decide the custody dispute. From the trial court's ruling Roger appeals, assigning five (5) errors of which only two (2) merit our discussion.

I. DOES THE UCCJA APPLY TO THIS ACTION EVEN THOUGH THE ACTION WAS BROUGHT UNDER MISS. CODE ANN. § 93-11-65 (SUPP. 1985)?
Lola stated in her complaint that she sought custody pursuant to § 93-11-65. That section was in effect prior to Mississippi's adoption of the UCCJA; it provides for chancery jurisdiction in child custody cases in addition to the jurisdictional vehicles afforded by 1) § 93-5-23 (divorce action), 2) the writ of habeas corpus, and 3) "other existing remedies." Roger moved to dismiss Lola's complaint on the ground that, pursuant to the UCCJA, the Copiah County Chancery Court did not have jurisdiction. The trial court ruled that Lola's action for child custody "[was] filed under Miss. Code Ann. § 93-11-65 and therefore was not governed by the provisions of the Uniform Child Custody Jurisdiction Act, found at Miss. Code Ann. § 93-23-1 et seq." Based on this holding that the UCCJA was inapplicable, the trial court denied Roger's motion to dismiss.
On appeal Roger asserts that the trial court erred in holding the UCCJA inapplicable. He argues that § 93-11-65 was intended to create a cause of action for child custody in a situation where there is no divorce or habeas corpus action, rather than to govern interstate battles over jurisdiction in child custody cases.
Regarding this matter, in Owens, By and Through Mosley v. Huffman, 481 So.2d 231, 245 (Miss. 1985), this Court cited with approval a California court's decision that the exclusive method of determining subject matter jurisdiction in child custody cases is the UCCJA, which supercedes any contrary decisional and statutory law.
The sound reasoning behind the rule established in Huffman, supra, is that it would be absurd to allow contestants in custody disputes to avoid the provisions of the UCCJA where applicable, as in the present case, simply by citing a different statute. The trial court erred in holding the UCCJA inapplicable.

II. DID THE TRIAL COURT LACK SUBJECT MATTER JURISDICTION?
Having, as above, determined that the UCCJA is applicable in the instant case, we next turn our attention to the subject matter jurisdiction of the lower court, which must be determined pursuant to the following UCCJA provisions:
(1) A court of this state which is competent to decide child custody matters *429 has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state (i) is the home of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(b) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one (1) contestant, have a significant connection with the state, and (iii) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships; or
(c) The child is physically present in this state and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
(d)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (a), (b) or (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.

(2) Except under paragraphs (c) and (d) of subsection (1) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
(3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody. (emphasis added)
Miss. Code Ann. § 93-23-5 (Supp. 1987).
As previously stated, the trial court, believing the UCCJA to be inapplicable, failed to make the findings of fact necessary to decide whether jurisdiction existed under the Act. Therefore, this Court could not determine the jurisdictional question without sitting as a fact-finder, which this Court has repeatedly stated it will not do. See, e.g., Rice Researchers, Inc. v. Hiter, 512 So.2d 1259 (Miss. 1987).
In regard to the necessity that the trial court make the appropriate findings of fact, we particularly note that § 93-23-5(1)(d) provides, in part, that Mississippi has jurisdiction if another state declined to exercise jurisdiction on the ground that Mississippi is the more appropriate forum and it is in the best interest of the child for Mississippi to exercise jurisdiction. The trial judge in the instant case contacted the Montana judge in whose court Roger's action was pending, and stated the following in his order: "That upon request of the Honorable J. Stephen Wright ... this court has communicated with [the Montana judge, who] stated ... that he was inclined to agree with [the Copiah County Court]. [The Montana judge] did not voice any objection to this court's retention of jurisdiction." This statement lacks the necessary clarity upon which this Court could determine whether the Montana court declined to exercise jurisdiction on the ground that Mississippi was the more appropriate forum. The record does not contain any facts pertaining to the determination made by the Montana court in the parties divorce action. Attached to a motion made by appellee to dismiss this appeal as moot (which this Court denied), is a copy of the Montana Divorce Decree, which fails to make any provision for custody of the children. But, as this decree was not made a part of the record, we will not consider it. Willenbrock v. Brown, 239 So.2d 922 (Miss. 1970). Again, since the lower court did not apply the UCCJA, it never made the necessary fact-finding on the Montana court's relinquishment of jurisdiction.
*430 In a similar context, another provision of the UCCJA states that:
A court of this state shall not exercise its jurisdiction under this act if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this act, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons. (emphasis added)
Miss. Code Ann. § 93-23-11(1) (1972). Again, a lack of clarity in the record makes it impossible to determine on appeal whether or not the Montana court stayed its proceedings, so as to allow the Copiah County court to proceed.
This Court considered a similar situation in Hobbs v. Hobbs, 508 So.2d 677 (Miss. 1987). After concluding that the chancellor had erred in failing to apply the UCCJA, the Court in Hobbs reversed the judgment and remanded the cause with instructions that the trial judge apply the Act. Similarly, in the present case the lower court erred when it failed to apply the UCCJA.

CONCLUSION
From the facts of the present case, it is readily apparent that the UCCJA was applicable, and that the lower court erred when it failed to consider the UCCJA in determining subject matter jurisdiction. Consequently, this case is remanded to the lower court with directions that it consider the UCCJA in determining whether or not it had subject matter jurisdiction of the custody action. If upon further consideration the lower court determines that it did not have jurisdiction, the case should be dismissed, with such action in no way prohibiting the parties from refiling their respective actions.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.