Argued and submitted April 10, reversed and remanded June 24, 1992

# In the Matter of
## the Adoption and Change of Name
## of Yasha Raynae Weathersby, a Minor.

### Carl STUBBS
### and Yvonne Stubbs,
*Respondents,*

*v.*

### Thomaszine WEATHERSBY,
*Appellant.*

(58-90-00971; CA A69694)

833 P2d 1297

Cristina P. Sanz, Eugene, argued the cause for appellant. With her on the brief were Lane County Legal Aid Services, Inc., Eugene, and James J. Roberson, Gladstone.

Greg A. Hunt, Eugene, argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Mother appeals from a judgment granting petitioners' petition to adopt her minor daughter. We reverse and remand.

Mother resides in Washington state. She bore the child who is the focus of this proceeding in that state, allegedly consented to this adoption in that state and delivered the child to petitioners there. Petitioners reside in Oregon. When this proceeding commenced, the child had resided with them for 3 months.

Mother first assigns error to the trial court's denial of her motion to dismiss. That motion was based, in part, on the Uniform Child Custody Jurisdiction Act (UCCJA). ORS 109.700 to ORS 109.930. Neither Oregon appellate court has decided whether the UCCJA applies to adoption proceedings.[1] Because the answer to that question will determine the disposition of many of mother's assignments of error, we address it first, starting with an examination of the language of the statutes. *State ex rel Juv. Dept. v. Ashley*, 312 Or 169, 174, 818 P2d 1270 (1991).

Under the express terms of ORS 109.730(1),[2] UCCJA only applies to a "custody determination." ORS

---

[1] In her article, "The Uniform Child Custody Jurisdiction Act and the Problem of Jurisdiction in Interstate Adoption: An Easy Fix," 43 Okla L Rev 621 (1990), Associate Professor Hartfield analyzed that precise issue within the context of hypothetical facts that, in this case, have become a reality. She concludes, as we do, that UCCJA applies in adoption proceedings.

[2] ORS 109.730 provides, in relevant part:

"(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

"(a) This state is the home state of the child at the time of commencement of the proceeding, or had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state;

"(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and the parents of the child, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

"(c) The child is physically present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the

109.710(2) provides, in part:

> "As used in ORS 109.700 to 109.930:
>
> "* * * * *
>
> "(2) 'Custody determination' means a court decision and court orders and instructions providing for the custody of a child, including visitation rights. 'Custody determination' does not include a decision relating to child support or any other monetary obligation of any person.
>
> "(3) 'Custody proceeding' includes proceedings in which a custody determination is one of several issues, such as an action for divorce or separation, and includes child neglect and dependency proceedings."

■    It is unclear from the face of those statutes whether an adoption is or is not a "custody proceeding." ORS 109.720(3)[3] mandates that we construe UCCJA to effectuate its general purposes, the overriding one of which is

> "to avoid the jurisdictional conflicts and confusions which have resulted in the past by providing, as clearly as possible, for *one* court in *one* state to have major responsibility to determine who is to have custody of a particular child." *Grubs v. Ross,* 291 Or 263, 268, 630 P2d 353 (1981). (Emphasis in original.)

In *Gribkoff v. Bedford,* 76 Or App 695, 711 P2d 176 (1985), we furthered that objective by construing the term "custodial determination" to include guardianship proceedings. We did so, because we recognized that such proceedings are responsible for "jurisdictional conflicts and confusions" and "can

---

child has been subjected to or threatened with mistreatment or abuse or is *otherwise neglected* or dependent; or

"(d) It appears that no other state would have jurisdiction under prerequisites in accordance with paragraph (a), (b) or (c) of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.

"(2) Except under paragraphs (c) and (d) of subsection (1) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination."

[3] ORS 109.720(2) provides:

"ORS 109.700 to 109.930 shall be construed to promote the general purposes stated in this section."

significantly affect custodial rights.'' 76 Or App at 698. Likewise, an adoption proceeding significantly affects custodial rights; it terminates the custodial rights of natural parents and vests those rights in the adoptive parents. *Simons et ux v. Smith,* 229 Or 277, 284, 366 P2d 875 (1961). Moreover, as this case demonstrates, adoption proceedings create ''jurisdictional conflicts and confusions.'' Accordingly, we hold that adoption proceedings, like guardianship proceedings, are governed by UCCJA.[4] Having so concluded, we address mother's assignments of error that are based on UCCJA.

■    Mother first contends that the adoption petition failed to allege ultimate facts sufficient to constitute a claim, because petitioners did not plead or submit the information required by ORS 109.790.[5] We agree. However, the remedy for that defect is not, as mother contends, dismissal. Rather, we remand such cases to the trial court for proceedings concerning jurisdiction, unless the required information was presented to, and analyzed by, the trial court in a jurisdictional hearing. *Henry and Henry,* 81 Or App 426, 430, 725 P2d 943 (1986).

Although the record is not well developed, the trial court apparently concluded that UCCJA did not apply to

---

[4] By so holding, we join the majority of states, which have reached the same conclusion. *See, e.g., Foster v. Stein,* 454 NW2d 244 (Mich App 1990); *In Re Adoption of B.E.W.G.,* 549 A2d 1286 (Pa Super 1988). By joining that majority, we also further UCCJA's purpose of promoting cooperation between the states. ORS 109.720(1)(b).

[5] ORS 109.790 provides, in part:

''(1) Every party in a custody proceeding in the first pleading of the party or in an affidavit attached to that pleading shall give information under oath as to the child's present address, the places where the child has lived within the last five years, and the names and present addresses of the persons with whom the child has lived during the period. In this pleading or affidavit every party shall further declare under oath whether:

''(a) The party has participated, as a party, witness or in any other capacity, in any other litigation concerning the custody of the same child in this or any other state;

''(b) The party has information of any custody proceeding concerning the child pending in a court of this or any other state; and

''(c) The party knows of any person not a party to the proceedings who has physical custody of the child or claims to have custody or visitation rights with respect to the child.''

Although some of that information was disclosed by the parties in the course of the show cause hearing on the adoption petition, we cannot discern from the record whether all relevant jurisdictional information was before the trial court.

adoptions. It, therefore, did not consider whether jurisdiction existed under the act. In *State ex rel Pennsylvania v. Stork*, 56 Or App 335, 342, 641 P2d 660 (1981), *rev den* 293 Or 190 (1982), we said that

> "the absence of the required jurisdictional pleading, combined with the failure of the * * * court to address the jurisdictional question, deprived that court of jurisdiction to award custody of the children * * *. The jurisdictional defect could not be cured by a later finding that the children in fact did have some significant contact with this state at the time of the decree. Because of the importance of the jurisdictional question to the substantive decision to be made, we refuse to make any presumptions in favor of jurisdiction." (Footnote omitted.)

Custody jurisdiction is a "vitally important preliminary decision." *Moore v. Moore*, 24 Or App 673, 681, 546 P2d 1104 (1976). The court failed to make that decision. Accordingly, we remand to the trial court to conduct a hearing to determine whether it has jurisdiction under ORS 109.730 and, if so, whether Oregon is an appropriate forum. ORS 109.770.

Reversed and remanded.