804 So.2d 1009 (2002)
The Matter of The GUARDIANSHIP OF Z. J., Minor.
No. 2000-CA-02092-SCT.
Supreme Court of Mississippi.
January 10, 2002.
*1010 Maxine D. Lawson-Conway, Attorney for Appellant.
Attorney for Appellee: No Brief Filed.
Before SMITH, P.J., COBB and DIAZ, JJ.
SMITH, Presiding Justice, for the court
¶ 1. Amanda Green and Calvin Green appeal to this Court from an adverse ruling of the Chancery Court of Jackson County regarding the guardianship of Z.J., a minor.
¶ 2. We conclude that the chancery court had personal jurisdiction over the parties. We also find that the lower court had subject matter jurisdiction pursuant to Miss.Code Ann. §§ 93-13-13 & 93-23-5 (1994).
¶ 3. Finally, contrary to the chancellor's findings, we hold that nonresidents of this state are not prevented from bringing a child custody proceeding in Mississippi and that § 93-11-65 (Supp.2001) does not deprive the chancery court of jurisdiction. We note, however, that § 93-23-13 allows *1011 the lower court to decline to exercise jurisdiction based upon a finding citing factors enumerated in that statute. The chancellor did not address these factors. Thus a remand to the lower court for that analysis is essential.

FACTS
¶ 4. On September 15, 2000, Amanda Green and Calvin Green filed a Petition for Letters of Guardianship of Z.J. in the Chancery Court of Jackson County, Mississippi. The Greens sought to be appointed guardians of Z.J.'s person only, and the petition states that Z.J. has no estate, real or personal.
¶ 5. Z.J. is the three-year-old daughter of Chasity Jackson, a minor, and Dekesta Lett, also a minor. Chasity is the daughter of Amanda Green and the step-daughter of Calvin Green. Chasity and Z.J. reside in Jackson County with Chasity's maternal grandparents, Robert Tucker and Annie Tucker. The Tuckers were appointed general guardians of Chasity on March 8, 1984. Dekesta Lett also resides in Jackson County. Amanda Green and Calvin Green are residents of Mobile County, Alabama.
¶ 6. Chasity Jackson, Robert and Annie Tucker, Dekesta Lett, and his mother, Jocelyn Lett, joined in the petition. At the time the petition was filed, Chasity was a high school senior, and upon her expected graduation from high school in May 2001, Chasity planned to enter the United States Air Force. In order to do so, the Air Force required that Chasity obtain a general guardianship for Z.J. prior to enlistment. All parties apparently agreed that Z.J. would continue to reside in Jackson County until Chasity's departure in June 2001. At that time, Z.J. would reside with the Greens in Alabama.
¶ 7. The chancery court expressed reservations regarding its jurisdiction at a hearing held September 20, 2000. Argument regarding jurisdiction was heard November 14, 2000. At the hearing, the court stated that it did not have jurisdiction to establish a guardianship which would be administered in Alabama. The court entered judgment on November 15, 2000, by which it denied the petition for guardianship on the grounds that it did not have jurisdiction of the parties and the subject matter.
¶ 8. The Greens timely filed a notice of appeal to this Court. The only issue presented for review is whether the chancery court erred in finding that it lacked jurisdiction to grant the petition for guardianship.

STANDARD OF REVIEW
¶ 9. Whether the chancery court had jurisdiction to hear a particular matter is a question of law, to which this Court must apply a de novo standard of review. Burch v. Land Partners, L.P., 784 So.2d 925, 927 (Miss.2001) (citing Saliba v. Saliba, 753 So.2d 1095, 1098 (Miss.2000); Entergy Miss., Inc. v. Burdette Gin Co., 726 So.2d 1202, 1204-05 (Miss.1998)).

DISCUSSION
¶ 10. In its judgment, the chancery court stated that it lacked jurisdiction over both the parties and the subject matter of the action. There is no question that the chancery court had personal jurisdiction over the parties. Z.J., the natural mother, and the natural father all reside in Jackson County. See Miss.Code Ann. § 93-13-13 (1994) (chancery court of the county of ward's residence may appoint guardian). See also In re Guardianship of Watson, 317 So.2d 30 (Miss.1975) (residence of a minor is that of his parents). All parties, including the Greens, who reside in Alabama, submitted themselves to *1012 the jurisdiction of the court by appearance. See Department of Human Servs. v. Shelnut, 772 So.2d 1041, 1045 (Miss.2000) (citing Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)). Any defect in personal jurisdiction has been intentionally waived by the parties. Id.
¶ 11. The question of subject matter jurisdiction is not so easily disposed of. Though all parties agree that the chancery court possessed subject matter jurisdiction as well, the petitioners cannot, by agreement, confer such jurisdiction on the court. Donald v. Reeves Transp. Co., 538 So.2d 1191, 1194 (Miss.1989). Nevertheless, it is the opinion of this Court that the chancery court possessed subject matter jurisdiction of this matter.
¶ 12. Mississippi's statutory scheme regarding the appointment of guardians and conservators clearly states that the chancery court of the county in which the ward resides may appoint a guardian. Specifically, Miss.Code Ann. § 93-13-13 (1994) provides, in pertinent part:
When a testamentary guardian has not been appointed by the parent, or if appointed, has not qualified, the chancery court of the county of the residence of a ward who has an estate, real or personal, shall appoint a general guardian of his estate for him or may appoint a general guardian of his person and estate for him. If a ward have no estate the chancery court of the county of the residence of such ward may appoint a general guardian of his person only for him, giving preference in all cases to the natural guardian, or next of kin, if any apply, unless the applicant be manifestly unsuitable for the discharge of the duties.
(emphasis added). This Court has stated that this statute, "absent intervening factors," means that the chancery court of the minor's residence has the "exclusive jurisdiction" to appoint a guardian of the person of the minor. In re Watson, 317 So.2d 30, 32 (Miss.1975). This Court has more recently held that "[t]here can be no serious question of the jurisdiction" of a court, sitting in the territorial district where the ward has his legal domicile, to appoint a guardian. In re Jefferson, 573 So.2d 769, 771 (Miss.1990). The Greens also refer to Miss.Code Ann. § 93-11-65 (Supp.2001) which provides, in part:
(1)(a) In addition to the right to proceed under Section 93-5-23, Mississippi Code of 1972, and in addition to the remedy of habeas corpus in proper cases, and other existing remedies, the chancery court of the proper county shall have jurisdiction to entertain suits for the custody, care, support and maintenance of minor children and to hear and determine all such matters, and shall, if need be, require bond, sureties or other guarantee to secure any order for periodic payments for the maintenance or support of a child.... Proceedings may be brought by or against a resident or nonresident of the State of Mississippi, whether or not having the actual custody of minor children, for the purpose of judicially determining the legal custody of a child. All actions herein authorized may be brought in the county where the child is actually residing, or in the county of the residence of the party who has actual custody, or of the residence of the defendant.
(emphasis added).
¶ 13. The concerns of the chancellor regarding the court's lack of jurisdiction over the guardianship once Z.J. left the state apparently derive from a older concept *1013 still embedded in our statutory law, according to which the court of guardianship, acting through the guardian as its appointee, carries the principal responsibility for wards under its jurisdiction. 39 C.J.S. Guardian and Ward § 7 (1976). According to common law, only the appointing court has jurisdiction over the guardianship, and guardianship status is "terminated," that is, the guardian may not exercise his powers, where the persons involved leave the jurisdiction of the appointing court. Id.; 37 Am.Jur.2d Guardian and Ward § 35 (1999). Our statutes apply this concept even where the residence of the ward changes within the state:
If a guardian desire to remove the person and/or personal property of his ward to any county other than that in which he was appointed guardian, he may, on petition, be allowed to do so, if the court deem it proper, and it may make an order to that effect, on condition that the guardian will qualify in the county to which he removes, or it may allow the removal and retain jurisdiction over the guardianship. The court of the county to which he removes, on production of the order authorizing the removal, may appoint him guardian....
See Miss.Code Ann. § 93-13-61 (1994).
¶ 14. The concept that a guardianship is valid only in the appointing jurisdiction has been relaxed somewhat by principles of comity and, in some states, by statute, so that a guardian removing a ward from the appointing jurisdiction may exercise the authorities of the guardianship. 39 C.J.S. § 192. Alabama statutes, for instance, have been amended to incorporate the more modern view, espoused by the Uniform Guardianship and Protective Proceedings Act of 1982 (UGPPA), according to which guardianship status continues until judicially terminated without regard to the location of the guardian and ward. See Ala.Code § 26-2A-70, comment. See also Ala.Code § 26-2A-80 (providing that the court where the ward resides has concurrent jurisdiction with the appointing court, and if the court where the ward resides is not the appointing court nor the court in which acceptance is filed, the court shall notify the appointing court, in Alabama or another state, and after consultation determine whether to retain jurisdiction or transfer proceedings to the other court).
¶ 15. Nevertheless, even in light of the jurisdictional concepts imbedded in our statutes, the fact that Z.J. would eventually reside in Alabama does not prevent the chancery court from exercising its jurisdiction in this case. Miss.Code Ann. § 93-13-63 (1994) allows the removal of the ward from the state:
If a guardian desire to remove the person and personal property of his ward out of this state, on petition and on his making settlement of his guardianship accounts, the court which appointed him may make an order to that effect; but the guardian shall first give a bond, with two sufficient sureties residing in this state, in the full value of the ward's personal estate, conditioned that he will qualify as guardian of the ward in the state or country to which he intends removing, and will there present and file in the proper court a complete inventory of his ward's property and effects; and, on failure to comply with the condition, the bond may be put in suit for the benefit of the ward.
(emphasis added). Granted, the route chosen by the Greens in this case does not appear to be the simplest course of action. They state that it was necessitated by the fact that the Air Force required a guardianship to be established prior to Chasity's *1014 application for enlistment and that the chancery court was the only court with jurisdiction to establish the guardianship. The Uniform Child Custody Jurisdiction Act (UCCJA) allows a court competent to decide child custody matters to decline to exercise its jurisdiction if it finds that it is an inconvenient forum and that the court of another state is more appropriate. Miss.Code Ann. § 93-23-13 (1994). This Court has yet to decide whether the UCCJA applies in guardianship proceedings, though many courts have addressed the issue. The jurisdictional statute of the UCCJA is Miss.Code Ann. § 93-23-5 (1994), which provides:
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(b) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one (1) contestant, have a significant connection with the state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships; or
(c) The child is physically present in this state and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
(d)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (a), (b) or (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.
(2) Except under paragraphs (c) and (d) of subsection (1) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
(3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
The question to be answered is whether guardianship proceedings, with respect to a minor, are covered under the term "custody proceedings" in the above statute. Miss.Code Ann. § 93-23-3 (1994) states that "`custody proceeding' includes proceedings in which a custody determination is one of several issues, such as an action for divorce or separation, and includes child neglect and dependency proceedings."
¶ 16. Several of our sister states have concluded that guardianship proceedings are included within the term "custody proceedings," and thus covered by the UCCJA. See Ray v. Ray, 494 So.2d 634, 637 (Ala.Civ.App.1986) (UCCJA held applicable to guardianship proceeding in Georgia); In re Guardianship of Donaldson, 178 Cal.App.3d 477, 223 Cal.Rptr. 707, 713 (1986); In re Guardianship of Wonderly, 67 Ohio St.2d 178, 423 N.E.2d 420, 423-424 (1981); Matter of Guardianship of Walling, *1015 727 P.2d 586, 590 (Okla.1986); Gribkoff v. Bedford, 76 Or.App. 695, 711 P.2d 176, 178 (1985); In the Interest of A.E.H., 161 Wis.2d 277, 468 N.W.2d 190, 198 (1991). These states have adopted the UCCJA and either presently have a definition of "custody proceeding" identical to Mississippi's definition or had, at the time of decision, an identical definition.[1] Those states which no longer have an identical definition have repealed their versions of the UCCJA and have adopted, in its stead, the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). The definition of "custody proceeding" contained in § 101 of the UCCJEA specifically states that custody proceedings include guardianship proceedings. The official comment to § 101 explains that this definition is an expansion of the comparable definition contained in the UCCJA and that the proceedings listed in § 101 as "custody proceedings" are those which courts have generally determined to be the type of proceeding to which the UCCJA applies. UCCJEA § 101, 9 U.L.A. (1999). One court has held that the fact that the UCCJEA expanded of the definition of "custody proceeding" confirms that the UCCJA does not apply to guardianship proceedings. Ward v. Ward, 30 P.3d 1001, 1011 (Kan.2001). In the opinion of this Court, however, such a determination is refuted by the official comments to UCCJEA § 101.
¶ 17. Our sister states which have held that the UCCJA applies to guardianship proceedings base their determination on the Commissioners' comment to the definition of "custody proceeding" under the UCCJA, which states that "`custody proceeding' is to be understood in a broad sense. The term covers habeas corpus actions, guardianship petitions, and other proceedings available under general state law to determine custody." UCCJA § 2, 9 U.L.A. 298 (1999). An additional rationale was observed by a California court in In re Guardianship of Donaldson, 178 Cal. App.3d 477, 223 Cal.Rptr. 707, 713 (1986), which noted the purpose of the UCCJA in promoting uniformity of jurisdiction as well as the numerous courts which have applied the UCCJA to guardianship proceedings. The court stated that in order to achieve the purpose for which the UCCJA was promulgated, states should make efforts to reach the same conclusion regarding this issue. Id. This Court finds the rationale applied in the decisions of our sister states persuasive. Therefore, we find that guardianship proceedings, with respect to a minor, are covered under the term "custody proceedings" in § 93-23-5.
¶ 18. The Greens state that, as a general rule, the application of the UCCJA arises when there is a dispute over jurisdiction between two states, and that there is no dispute between Mississippi and Alabama courts at this time. The California Court of Appeals has noted that the UCCJA is intended to prevent potential as well as actual conflict, and prevents parties from bringing procedures in unsuitable forums without making a bona fide attempt to invoke the jurisdiction of the correct court. Hafer v. Superior Court, 126 Cal. App.3d 856, 179 Cal.Rptr. 132, 135 (1981). The provisions of the UCCJA should not *1016 be ignored simply because no action has yet been brought in Alabama.
¶ 19. The Greens also argue that, should the UCCJA apply in the case at bar, it mandates that the guardianship petition be brought in Mississippi. This Court has established a three-step process for determining, under the UCCJA, whether a state should assume jurisdiction of a custody matter:
A court must first determine if it has authority, or jurisdiction, to act following the guidelines of § 93-23-5. If a court determines that it does not have jurisdiction the process stops there. However, if that hurdle is cleared, a determination is made as to which court is the more appropriate and convenient forum under the guidelines of § 93-23-13. A court may decline to exercise jurisdiction if it is not the most appropriate or convenient forum. If the court accepts jurisdiction as the more convenient forum, the court must determine if the action to be taken is foreclosed by an order or judgment of the other state court.
Johnson v. Ellis, 621 So.2d 661, 665 (Miss. 1993) (citing Stowers v. Humphrey, 576 So.2d 138, 140 (Miss.1991); Hobbs v. Hobbs, 508 So.2d 677, 680 (Miss.1987)).
¶ 20. The first hurdlejurisdiction under § 93-23-5is cleared here. The Greens argue that the chancery court had jurisdiction over the matter at hand because Mississippi is the home state of Z.J. as well as her parents, that she will reside in Mississippi until June 2001, and that Z.J. has most significant connections to this state. See Miss.Code Ann. § 93-23-5(a) & (b). Clearly, § 93-23-5(c) does not apply in this case. The Greens also argue that the chancery court has jurisdiction under § 93-23-5(d) because Alabama does meet any prerequisites under § 93-23-5(a) or (b). This Court observes, however, that Alabama courts might also claim jurisdiction under § 93-23-5(b) as the state with "substantial evidence concerning the child's present or future care, protection, training and personal relationships." Clearly, though, the chancery court possessed jurisdiction over the matter pursuant to § 93-23-5(a) as the "home state of the child at the time of commencement of the proceeding."
¶ 21. This Court has stated, in interpreting the UCCJA, that a chancellor may, but need not, assume jurisdiction of a custody matter concerning a resident child where another forum is available. Johnson, 621 So.2d at 664. This is the second hurdle. Section 93-23-13, "Inconvenient Forum," provides in part:
(1) A court which has jurisdiction under this chapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.
* * * * * *
(3) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:
* * * * * *
(c) if substantial evidence concerning the child's present or future care, protection, training and personal relationships is more readily available in another state;
(d) If the parties have agreed on another forum which is no less appropriate...
(4) Before determining whether to decline or retain jurisdiction the court may *1017 communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum will be available to the parties.
(5) If the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, it may dismiss the proceedings, or it may stay the proceedings upon condition that a custody proceeding be promptly commenced in another named state ...
¶ 22. There is no indication that the chancellor applied the provisions of the UCCJA in declining jurisdiction or communicated with Alabama courts to determine whether they would exercise jurisdiction over the matter. It does appear that an Alabama court could assert jurisdiction in this matter, despite the fact that Z.J. is a resident of Mississippi. See Ala.Code § 30-3B-201(a) (provides the exclusive jurisdictional basis for making a child custody determination by Alabama courts). See also Ala.Code § 30-3B-102 (defines "child custody proceedings" as including a proceeding for guardianship). The chancellor's order states that the court lacked jurisdiction, and the chancellor's comments from the hearing indicate that he believed that he could not establish a guardianship where the ward would ultimately reside in another state. As discussed previously, both are false premises.
¶ 23. Furthermore, the petition for guardianship was filed in September 2000, and Z.J. was to reside in Mississippi until June 2001. It is unclear at this time, as June 2001 has already passed, whether Z.J. would continue to reside in Mississippi for any length of time should the guardianship be granted. The answer to this question affects the application of the prerequisite to jurisdiction stated in § 93-23-5(b) and the inconvenient forum determination under 93-23-13(3)(c). Also, § 93-23-13(3)(d) provides that the court may consider whether "the parties have agreed on another forum which is no less appropriate." The Greens urge that the court should consider the fact that all parties to the action have agreed that the Jackson County court is the appropriate forum. Though this is not precisely the agreement contemplated by § 93-23-13(3)(d), the list of factors to be considered is nonexclusive. The UCCJEA, adopted in Alabama, lists in its factors to be considered by a court in determining the inconvenience of the forum "any agreement of the parties as to which state should assume jurisdiction." Ala.Code § 30-3B-201. This Court finds no impediment to the chancery court considering this agreement in making its determination under the UCCJA.
¶ 24. The findings which justify a court retaining or declining jurisdiction under the UCCJA are findings of fact, involving considerations of judicial convenience and the best interests of the child. See Miss.Code Ann. § 93-23-5 & § 93-23-13. This Court will not disturb the findings of a chancellor involving a determination to accept or decline jurisdiction under the UCCJA unless manifestly wrong or clearly erroneous. Johnson, 621 So.2d at 667 (citing Estate of Lyles, 615 So.2d 1186 (Miss. 1993); Lindsey v. Lindsey, 612 So.2d 376 (Miss.1992); Faries v. Faries, 607 So.2d 1204 (Miss.1992)). Because no such findings were made by the chancery court, and because the circumstances of Chasity's enlistment in the military and the schedule of removing the guardianship to Alabama is, at this date, necessarily different from that stated in the petition and that addressed by the chancellor, the judgment of the chancery court is reversed and this matter remanded for determination under the provisions of the UCCJA.

*1018 CONCLUSION

¶ 25. The chancery court possessed personal jurisdiction over the parties in this matter by virtue of Z.J.'s residence in Jackson County and by virtue of the submission of all parties to the jurisdiction of the court. The court also possessed subject matter jurisdiction by virtue of §§ 93-13-13 and 93-23-5. The fact that the petitioners are not residents of this state does not prevent them from bringing a child custody proceeding in this state and does not deprive the chancery court of jurisdiction. See § 93-11-65. The chancellor erred in finding otherwise.
¶ 26. Nevertheless, § 93-23-13 allows a court of competent jurisdiction to decline to exercise its jurisdiction upon a finding, based on the factors listed in that statute, that it is an inconvenient forum. The chancellor's concerns regarding the removal of Z.J. to Alabama are best addressed by an analysis of those factors. Because such an analysis involves findings of fact not yet made by the chancellor and because the circumstances of Z.J.'s removal to Alabama may have changed as the date of Chasity's enlistment has already passed, this matter is remanded to the chancery court for a determination under the factors listed in § 93-23-13.
¶ 27. For these reasons, the judgment of the Jackson County Chancery Court is reversed, and this case is remanded to that court for further proceedings consistent with this opinion.
¶ 28. REVERSED AND REMANDED.
PITTMAN, C.J., WALLER, COBB, DIAZ, EASLEY, CARLSON and GRAVES, JJ., Concur. McRAE, P.J., concurs in result only.
NOTES
[1] Ala.Code § 3-3-20 et seq. (repealed 2000 and replaced with UCCJEA, § 30-3B-102); Cal. Civ.Code § 5151 (repealed 1992 and replaced with UCCJEA, Cal. Fam.Code § 3402); Ohio Rev.Code Ann. § 3109.21 (2001 amendment changed term "custody proceeding" to "parenting proceeding"); Okla. Stat. Ann. tit. 43, § 501 et. seq. (repealed 1998 and replaced with UCCJEA, 43 Okla. Stat. Ann. tit. 43, § 551 et seq.); Or.Rev.Stat. § 109.710 (repealed 1999 and replaced with UCCJEA § 107.704);Wis. Stat. Ann. § 822.02 (West 1994).